Yihsiung HUANG, et ux, Plaintiffs,

v.

Thomas C. SHIU a/k/a Thomas Moy, David Shen, Daria Sheen, Defendants.

No. 87 C 10638.

United States District Court, N.D. Illinois, E.D.

Dec. 16, 1988.

Allan E. Levin, David Morris, Chicago, Ill., for plaintiffs.

James S. Montana, John A. Dienner III, Lydon & Griffith, Chicago, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

ROVNER, District Judge.

## I. INTRODUCTION

This lawsuit is brought by Yihsiung Huang against three individual defendants, Thomas C. Shiu, David Shen and Daria Sheen. The defendants allegedly obtained money from Huang pursuant to misrepresentations concerning the investment uses which would be made of that money. Defendant Shiu has moved to dismiss the complaint. For the reasons stated below, Shiu's motion is granted and the complaint is dismissed without prejudice.

## II. THE COMPLAINT

Plaintiff alleges that defendants formed an investor group of over 100 individuals to whom they sold investment contracts. The purpose of the group was to pool the investors' funds and invest them in large blocks of securities listed on the New York Stock Exchange. Defendants allegedly raised over $3,750,000 from the investors but did not deposit all of those funds into the trading account. Furthermore, defendants allegedly did not make many of the transactions they purported to make, and they fabricated account statements which showed transactions which were never made and misrepresented the balances in the investors' accounts. Plaintiff alleges that one or more of the defendants made the following misrepresentations and omissions of material facts:

(a) misrepresented that Shiu was authorized to effect securities transactions;

(b) misrepresented that Shiu pooled investor funds to purchase large blocks of common stock, almost all of which

were listed on the New York Stock Exchange;

(c) misrepresented that securities transactions effected by Shiu would be made through another broker-dealer;

(d) misrepresented that the transactions in common stock would be effected by Shiu himself;

(e) failed to disclose that the investors' funds would not be used for the purchase of common stock;

(f) failed to disclose that the investors' funds were "not used for expenditures unrelated [sic: related?] to the securities transactions;" and

(g) failed to disclose that they fabricated the account statements which they provided to the investors.

Count I alleges that the activities of the three defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Counts II, V and VIII allege that Shiu, Shen and Sheen, respectively, violated "the Securities Acts [of] 1933 and 1934." Counts IV and VII allege that Shen and Sheen, respectively, aided and abetted Shiu's violation of RICO. Finally, Count X alleges that defendants "all and severally did conspire to defraud and deprive the Plaintiffs [1] of their investments."

## III. COUNT ONE

 Count I purports to state a violation of RICO. It is unclear whether it is directed at all of the defendants or solely at defendant Shiu. It never explicitly identifies the type of RICO predicate acts which constitute the alleged racketeering activity. *See* 18 U.S.C. § 1961(1). Because Count I complains of misrepresentations and omissions of material facts and of the use of the mails, it may reasonably be assumed that it

---

**1.** In some places the complaint refers to a singular plaintiff, and in other places it refers to plural plaintiffs. The complaint's caption lists the plaintiff as "Yihsiung Huang, et ux." It begins: "Now comes the *Plaintiff,* Yihsiung Huang *et ux,* through *his* attorneys...." (Emphases added.) This is merely the first example of the difficulties in reading a complaint which fails to utilize the most basic requirements of English grammar. Although federal notice pleading does not require full command of the grammatical intricacies of the English language,

a basic understanding of such concepts as singular and plural are necessary in order to understand the complaint. It appears that plaintiff intends to include his wife in his lawsuit as an additional plaintiff, but she is never named in the complaint, nor are there any factual allegations relating specifically to her. The Court would therefore strike the words "et ux" and all references to plural plaintiffs if it were not dismissing the entire complaint on other grounds.

intends to allege predicate acts of mail fraud. Assuming that is plaintiff's intent, however, the count is defective for failure to plead fraud with particularity as required by Fed.R.Civ.P. 9(b).

■ The requirement that fraud must be pleaded with particularity applies to allegations of fraud which serve as the basis for a RICO claim. *See Ray v. Karris*, 780 F.2d 636, 644–45 (7th Cir.1985); *McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F.Supp. 927, 931–32 (N.D.Ill.1985) (Getzendanner, J.). The requirements of Rule 9(b) have been adequately spelled out elsewhere. *See, e.g., McKee*, 604 F.Supp. at 930–31. As this Court has previously noted, "it is not the function of this Court to educate plaintiff's attorneys as to how to plead fraud with particularity." *Beck v. Cantor, Fitzgerald & Co., Inc.*, 621 F.Supp. 1547, 1551 (N.D.Ill.1985) (Rovner, J.). In bringing his motion to dismiss, Shiu has already performed some of that education. Suffice it to say that the complaint does not distinguish the activities of the individual defendants, identify the dates or places of the alleged misrepresentations, or identify the documents or statements which contained the alleged misrepresentations.

■ Plaintiff has responded to Shiu's motion by merely asserting, in very conclusory terms, that the complaint alleges a

pattern of racketeering. It is clear that plaintiff has missed the whole point of Rule 9(b) and Shiu's motion.[2] Count I is dismissed because of its failure to identify the RICO predicate acts, its failure to plead fraud with particularity, and its generally vague and confusing nature.[3]

## IV. COUNT TWO

■ Count II alleges that Shiu's activities constitute common law fraud. Count II contains no factual allegations, but merely incorporates the factual allegations from Count I. Plaintiff asserts that Count II is sufficient because the complaint sets forth the elements of fraud. Merely stating the elements, however, is insufficient to comply with Rule 9(b). Count II, like Count I, fails to plead fraud with particularity. It is therefore dismissed because it fails to comply with Rule 9(b), because it has no basis for federal jurisdiction,[4] and because of its vague and confusing nature.[5]

## V. COUNT THREE

■ In Count III, plaintiff alleges only that Shiu's activities as stated in Count I "constitute a violation of those acts as alleged in paragraph 2 of the Security Acts [of] 1933 and 1934." Plaintiff apparently is referring to paragraph 2 of the complaint, which merely alleges federal jurisdiction under Sections 5 and 17(a) of the Securities Act of 1933, 15 U.S.C. § 77e and § 77q(a),

**2.** Plaintiff also attempts to cure some of the deficiencies in his complaint by including explanations in his response to Shiu's motion. For instance, he responds to defendant's argument that the complaint does not distinguish between the activities of the individual defendants by stating that the "activities ... were all under the defendants, Shiu directions and the other defendants Shen & Sheen, were his agents or employees." This statement in itself does not provide the requisite particularity, and even if it did, it would not resuscitate the complaint. *See Rodgers v. Lincoln Towing Services, Inc.*, 771 F.2d 194, 198 (7th Cir.1985) (allegations which lie outside of the complaint are irrelevant to an analysis of the complaint's sufficiency).

**3.** A problem throughout the complaint is that the complaint is written so poorly that it simply cannot be understood. (*See supra*, n. 1.) It should not be the responsibility of the Court or the defendants to pore over the complaint in an attempt to ascertain what it intends to say. Although the federal courts follow notice pleading

rules, under which only a short and plain statement of the claim is necessary, the complaint must be sufficient to allow a defendant to respond. *See Uptown People's Community Health Services v. Board of Comm'rs of Cook County*, 647 F.2d 727, 739 (7th Cir.) ("it still is necessary that *something* be stated that apprises a defendant of the substance of the allegations") (emphasis in original), *cert. denied*, 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 167 (1981); *U.S. General, Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir.1979) ("Some understandable allegations, even if inartfully drawn, remain essential to any effort to formulate a recognizable issue for disposition on its merits."). The complaint in this case does not satisfy these minimal requirements.

**4.** Because the federal claims are subject to dismissal, as dicussed elsewhere in this opinion, there is no pendent jurisdiction. Plaintiffs have alleged no other basis for federal jurisdiction.

**5.** *See supra,* n. 3.

and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). The complaint does not elaborate on how the defendant's conduct violated those statutes.

To the extent that plaintiff intends to allege a violation of Section 10(b), the complaint is subject to the requirement that fraud be pleaded with particularity. *McKee, supra,* 604 F.Supp. at 930. Because it merely incorporates the factual allegations of Count I, Count III fails to satisfy this requirement. To the extent that plaintiff intends to allege a violation of Section 17(a), Count III must fail because there is no private right of action for a violation of that provision. *Beck, supra,* 621 F.Supp. at 1558–60. To the extent that plaintiff intends to allege a violation of Section 5, Count III simply does not state the facts upon which the claim is predicated, and it must therefore be dismissed.[6] Thus, whichever of the securities statutes plaintiff intends to rely upon in Count III, his complaint is insufficient.

### VI. COUNT TEN

■ Count X incorporates the factual allegations of Count I and alleges that "the Defendants all and severally did conspire to defraud and deprive the Plaintiffs of their investments." Civil conspiracy, however, is not an independent cause of action. *Hostrop v. Board of Junior College Dist. No. 515,* 523 F.2d 569, 576 (7th Cir.1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); *In re American Reserve Corp.,* 70 B.R. 729, 736 (N.D.Ill.1987) (Kocoras, J.). A cause of action may arise only from the wrongful acts performed in pursuit of the agreement. *American Reserve,* 70 B.R. at 736. Here, no independent wrongful acts are alleged except insofar as Count X incorporates Count I. Because Count I is insufficient, Count X, in turn, is insufficient and is therefore dismissed.

### VII. COUNTS FOUR, FIVE, SIX, SEVEN and EIGHT

■ The remaining counts are substantially identical to the counts disposed of above except that they apply only to defendants Shen and Sheen, who have not moved to dismiss. Because these counts are defective for the same reasons as the other counts, the Court dismisses them as well. *See Rosser v. Chrysler Corp.,* 864 F.2d 1299 (7th Cir.1988); *Silverton v. Department of Treasury,* 644 F.2d 1341, 1345 (9th Cir.) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."), *cert. denied,* 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981).

### VIII. CONCLUSION

The complaint is dismissed in its entirety. Because plaintiff may be able to cure the pleading defects, he is given 21 days after this order in which to file an amended complaint. Plaintiff and his counsel are reminded of their obligations under Fed.R. Civ.P. 11.