**Mrs. Marie KLEINSCHMIDT, et al., Plaintiffs,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, et al., Defendants.**

**No. 90–1224–CIV.**

United States District Court, S.D. Florida.

June 26, 1992.

---

Marie Kleinschmidt, pro se.

William E. Kleinschmidt, pro se.

James J. Traitz, Miami, Fla., Kevin O'Connor, Coral Gables, Fla., for defendants.

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

MARCUS, District Judge.

THIS CAUSE came before the Court upon Plaintiffs' Individual Objections to the Report and Recommendation Dated May 12, 1992 in the Instant Case.

THE MATTER was referred to the Honorable Barry L. Garber, United States Magistrate Judge. A Report and Recommendation dated May 12, 1992, has been filed, recommending that this action be DISMISSED WITHOUT PREJUDICE, and that the Plaintiffs be permitted to re-file this action in a Complaint that does not exceed 15 pages in length. Specifically, Magistrate Garber found that Plaintiffs' Complaint fails to comply with the pleading requirements of Fed.R.Civ.P. 8, since "one cannot determine from the forty pages of allegations what in fact is being alleged." The Court having reviewed the entire file and record herein, including Plaintiffs' objections, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that United States Magistrate Judge Barry L. Garber's Report and Recommendation of May 12, 1992, be, and the same is, hereby RATIFIED, AFFIRMED and APPROVED in its entirety, and this cause is hereby DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

GARBER, United States Magistrate Judge.

THIS CAUSE comes before the undersigned pursuant to various Orders of Reference entered by the Honorable Stanley Marcus, United States District Judge, and by reassignment from Magistrate Judge Johnson. The following Report and Recommendation is respectfully submitted on the plaintiffs' complaint. For the following reasons, the plaintiffs' complaint should be DISMISSED WITHOUT PREJUDICE.

*Something is happening*
*But you don't know what it is*
*Do you, Mr. Jones?* [1]

On May 23, 1990, plaintiffs Marie Kleinschmidt and Professor William E. Kleinschmidt filed their *pro se* "Complaint for Damages and for Equitable Relief for RICO; Libel Per Se; Invasion of Privacy Per Se; False Imprisonment, Abuse of Legal Process and Extortion; Legal Malpractice Per Se and Tortious Interference Per Se." The five-count complaint runs forty pages and purports to allege a complicated series of wrongdoings by numerous businesses, law firms, and individuals.

---

1. Bob Dylan, *Ballad of a Thin Man,* on *Highway 61 Revisited* (Columbia Records 1965).

■ On August 30, 1991, several defendants filed an answer and/or motion to dismiss, asserting that the plaintiff's entire complaint should be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). Magistrate Judge Johnson conducted a hearing on the defendants' motion to dismiss on January 23, 1992. After reviewing the record and transcript of that proceeding, the undersigned conducted another hearing on April 28, 1992.

The record in this action is replete with what Judge Aronovitz has charitably termed "repetitive motions." (April 1, 1991 Order, at n. 1.) With great effort, the undersigned has "struggled and strained to decipher plaintiff's mountain of papers." *Gordon v. Green*, 602 F.2d 743, 744 n. 2 (5th Cir.1979). This effort has been a total failure. Although the undersigned is cognizant of the liberality with which *pro se* pleadings must be construed, the plaintiffs' complaint simply cannot be understood.

For example, paragraph 47 attempts to support a RICO count by asserting:[2]

47. Plaintiff here Professor Kleinschmidt is a chronic asthmatic and Defendants knew this and intentionally with malice aforethought (re: the April 23, 1988 secret and fraudulent Sinclair/Traitz letter the predicate mail fraud letter confirming a telephone conversation between Sinclair and Traitz— i.e. the wire fraud predicate act and said Defendant Sinclair *ordered* Professor Kleinschmidt to sit in a certain chair, in a certain *non-air conditioned* room facing direct summer sunlight in Coral Gables, Florida (i.e. *on May 23, 1988*) and non-ventilated air (i.e. stuffy and stale air) under duress for *several hours without relief* of any kind. It was brutal torture for Professor Kleinschmidt who became asthmatic and which no one in the two story office building used exclusvly for Defendant Sinclair; Defendant Lanza (and the responsibility of its successor law firm Defendant O'Connor); done within the course and scope of their employment with their clients Liberty Mutual Insurance Co. (who paid the Defendants their attorney fees and costs for such brutality) and Gator Office Supply and consequently Defendant Parks directed against a non-party (case no. 85–04178 CA 22 before Judge Robert P. Kaye who Professor Kleinschmidt found out had given his blanket consent to Defendant Sinclair et al to brutalize the non-party Professor Kleinschmidt in any way Defendant Sinclair wanted to, were such acts were customarily enforced throughout the state court system, whether or not there is a specific law or other specific manifestation of action by the State, DCA–3 and the Supreme Court of Florida did not act against the Defendants when pleaded before them. Judge KAye placed no restriction on Defendant Sinclair et al which lead to the power ex-parte done by Judge Kaye to go to Defendant Sinclair's et al brutal and beastly nature checked unbriddled by JudgeKay. Defendant here Traitz; Defendant Freshman; Defendant only encouraged such brutality.

(Plaintiffs' complaint ¶ 47.)

It is possible that a RICO claim is submerged somewhere in the anfractuous prose that comprises the complaint herein, of which the above extract is but a small sample. However, the plaintiffs "do not state a RICO claim against the defendants with sufficient intelligibility for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Old Time Enters., Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1218 (5th Cir. 1989) (dismissing complaint for failure to comprehend allegations); *see also Gordon*, 602 F.2d at 745 (urging district courts to dismiss complaints that are verbose, scandalous, or unintelligible).

Because one cannot determine from the forty pages of allegations what in fact is being alleged, the undersigned believes the complaint should be dismissed without prej-

---

**2.** Grammatical, typographical, and other errors appear in the original complaint and are not noted or corrected here.

udice for failure to comply with Federal Rule of Civil Procedure 8. Rule 8(a)(1) requires a "short and plain statement of the grounds upon which the court's jurisdiction depends." Rule 8(a)(2) requires that the party seeking relief file "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct."

■ As paragraph 47 amply demonstrates, the plaintiffs' complaint does not comply with the sensible dictates of Rule 8. Although allegations of fraud must be stated with particularity, Fed.R.Civ.P. 9, they must be understandable and meet the requirements of Rule 8. The plaintiffs' complaint herein does not meet those requirements and should therefore be DISMISSED WITHOUT PREJUDICE. *See Old Time*, 862 F.2d at 1218 (dismissing RICO complaint for failure to comprehend allegations); *Gordon*, 602 F.2d at 745 (urging district courts to dismiss complaints that are verbose, scandalous, or unintelligible); *Carrigan v. California State Legislature*, 263 F.2d 560, 565 (9th Cir.) (complaint for fraud, while particularized, must be concise and direct enough to intelligently convey the allegations), *cert. denied*, 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929 (1959); *Huang v. Shiu*, 124 F.R.D. 175, 177 n. 3 (N.D.Ill.1988) (RICO, fraud, and conspiracy complaint dismissed because it was written so poorly it could not be understood); *Newman v. Commonwealth of Mass.*, 115 F.R.D. 341, 343 (D.Mass.1987) (civil rights complaint subject to dismissal where not simple or direct enough to understand).

The undersigned believes the plaintiffs should have an opportunity to amend their complaint. However, the Court should not permit the plaintiffs to file an amended complaint in excess of fifteen pages. This page limitation hopefully will encourage the plaintiffs to pare their complaint down to an understandable set of allegations.

Accordingly, after careful consideration and for the foregoing reasons, the undersigned respectfully

RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 8. The Court should also permit the plaintiffs to file an amended complaint that does not exceed fifteen pages in length.

The parties have ten days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable Stanley Marcus, United States District Judge. *See* 28 U.S.C. § 636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED.