**Ronald OLSEN, Plaintiff,**

v.

**Charles (Chip) LANE, Jr., etc.,
et al., Defendants.**

**No. 93–826–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 13, 1993.

---

**1526**

Ronald Olsen, pro se.

William Edley Barfield, Higley & Barfield, P.A., Maitland, FL, for defendants.

### *ORDER ON MOTIONS*

KOVACHEVICH, District Judge.

The *pro se* plaintiff in this case, Ronald Olsen, filed a Complaint for Damages for Libel Per Se, Slander Per Se and Defamation of Character Per Se, and Violation of Plaintiff's Civil Rights by Unjust Termination of Employment. In response to a motion to dismiss the original complaint by the defendant, Charles (Chip) Lane, Jr., plaintiff filed an amended complaint, charging a violation of oral contracts (thus mooting the original complaint). Defendant then filed a motion to dismiss the amended complaint.

Next, plaintiff moved to amend his complaint a second time, to add two defendants, and to allege conspiracy on the part of all defendants. Defendants have filed a memorandum in opposition to plaintiff's motion. Most recently, plaintiff has filed a motion for leave to amend his complaint once again, abandoning the allegations of libel per se and slander per se, but adding a count of intentional infliction of emotional distress. It is upon these outstanding motions that the present action is before this Court.

Plaintiff's major claim is defendants' termination of his employment, for filing a suit in federal court, in violation of his civil rights.

Defendants contend, however, that plaintiff has failed to include in his complaint a short and plain statement of jurisdiction. Defendants further argue that plaintiff has failed to state a claim for relief on any of the counts alleged in his complaint. After careful consideration of the facts and a review of law governing employee dismissals in several contexts, this Court grants the defendant's motion to dismiss plaintiff's amended complaint, and denies plaintiff's motion to amend his complaint a second time and the subsequent motion to amend the amendment as moot. However, this Court instructs plaintiff to amend his complaint consistent with the law set forth in this order.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss the allegations set forth in a complaint, the Court views the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ The pleadings of a *pro se* litigant are to be held to less stringent standards than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the *pro se* litigant must still meet minimal pleading standards.

■ "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed. R.Civ.P. 8(a)(1). Even though the plaintiff states that his termination was in "obvious retaliation" for filing an action against the defendant in federal court, he fails to allege a cognizable basis for the termination which would trigger federal question jurisdiction. "It is possible that a . . . claim is submerged somewhere in the anfractuous prose that comprises the complaint," but such a claim is not readily apparent. *Kleinschmidt v. Liberty Mutual Insurance Company*, 142 F.R.D. 502 (S.D.Fla.1992).

■ Plaintiff's failure to properly allege jurisdiction is related to his failure to state a claim. There are several ways an individual may challenge his termination of employment in federal court. However, only two avenues appear reasonable under the current facts. First, 42 U.S.C. § 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

In order to bring an action under § 1983, a plaintiff must allege that at all times material to the complaint, defendants acted under color of state law, and that defendants actions violated plaintiff's constitutionally or federally guaranteed rights. *Adickes v. S.H. Kress and Company*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *L.S.T., Inc. v. Crow*, 772 F.Supp. 1254 (M.D.Fla. 1991). As the defendants in this case have responded, and this Court affirms, they cannot be held liable under this section because their business is a private entity which did not act under color of state law. Thus, the plaintiff would not be able to state a claim under 42 U.S.C. § 1983.

■ Alternatively, the plaintiff could attempt to state a claim pursuant to 42 U.S.C. § 2000e–3(a), which provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

The requisites for bringing a claim of retaliatory dismissal have been thoroughly established in the case law. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). First, the plaintiff must present a prima facie case of retaliation. "To

establish a prima facie case of retaliation, [the plaintiff] must show (1) that he has engaged in statutorily protected activity; (2) that the employer has taken an adverse employment action; and (3) a causal connection exists between the two." *Donnellon v. Fruehauf Corp.,* 794 F.2d 598, 600–01 (11th Cir. 1986) (quoting *Canino v. United States Equal Employment Opportunity Commission,* 707 F.2d 468, 471 (11th Cir.1983)).

■ It is unnecessary to explain the second and third prongs of the above analysis. While there was certainly an adverse employment action taken by the defendant in this action, i.e. plaintiff's termination, plaintiff has not established, within the confines of the pleadings, that he has engaged in any statutorily protected activity. This activity, referred to in § 2000e–3(a), is set forth in § 2000e–3(b), *et seq.,* and § 2000e–2. For plaintiff to properly state a claim of retaliatory dismissal, it is necessary that he allege what activity he has engaged in that would entitle him to protection under § 2000e–3(a). Nothing plaintiff alleges falls into any area of protected activity. The only ground plaintiff has alleged for his termination is filing this suit against the defendant for, among several state law claims, terminating his employment. This alone is not actionable under federal civil rights law. Accordingly, it is

**ORDERED** that, based on plaintiff's failure to state a cognizable claim, which inherently dispels any basis for federal jurisdiction, the defendants' motion to dismiss plaintiff's first amended complaint be **granted;** the plaintiff's motions to file amended complaints be **denied** because the proposed amended complaints would not cure the deficiencies noted in the previously filed complaints; and the plaintiff **shall have** ten (10) days from the date of this order in which to file a second amended complaint which corrects the deficiencies. **FAILURE TO TIMELY FILE THE AMENDED COMPLAINT WILL RESULT IN DISMISSAL WITHOUT FURTHER NOTICE, FOR LACK OF JURISDICTION.**

**DONE and ORDERED.**