The **CONE CORPORATION, J.W. Conner & Sons, Inc., Cone Constructors, Inc., and Dallas 1 Construction & Development, Inc., Plaintiffs,**

v.

**HILLSBOROUGH COUNTY and Federick B. Karl, Defendants.**

No. 89–540–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

April 5, 1994.

Herbert P. Schlanger, Atlanta, GA, Maxwell G. Battle, Jr., R. Michael Deloach, Maxwell G. Battle, Jr., P.A., Dunedin, FL, for plaintiffs.

Claude H. Tison, Jr., Michael D. Malfitano, MacFarlane, Ferguson, Allison & Kelly, Tampa, FL, for defendants.

### ORDER ON REMAND AND PLAINTIFF'S MOTION TO AMEND

KOVACHEVICH, District Judge.

This cause is before the Court on remand from the Eleventh Circuit Court of Appeals; Plaintiff's Motion to Amend, filed January 11, 1994 (Docket # 125); Memoranda in support thereof, filed January 11, 1994 (Docket # 126); Defendant's Response, filed January 26, 1994 (Docket # 127); and Memoranda in support thereof, filed January 26, 1994 (Docket # 127).

### PROCEDURAL BACKGROUND

This is not the first time that this case has been before this Court. Initially, Plaintiffs filed their complaint on April 18, 1989 and it was amended on August 15, 1989. In the current complaint, Plaintiffs request declaratory and injunctive relief and allege that Hillsborough County is liable to Plaintiffs because its Resolution No. R88–1073, (herein called "MBE law") the County's policy for awarding construction contracts, injured Plaintiffs' business or property. Plaintiffs argue that the County's policy constitutes racial discrimination and is unconstitutional. Plaintiffs further allege that each Plaintiff's business or property will also be injured in the future by Defendant's discriminatory practices.

This Court granted Defendant's Motion to Dismiss, or in the alternative, Judgment on the Pleadings, or Summary Judgment for Lack of Standing. The Plaintiffs appealed.

Subsequently, the Court of Appeals affirmed this Court at 983 F.2d 197. The Court of Appeals eventually vacated that opinion and rehearing en banc was granted at 993 F.2d 784. On reconsideration, the Appellate Court held that Plaintiffs failed to allege any injury, to the extent that their claims arose from the County's program which they found treated non-minorities and minorities alike. Therefore, the Court held that Plaintiffs lacked standing to challenge the Defendant's program. However, the Court of Appeals also held that remand was necessary for reconsideration in light of *Northeastern Florida Chapter of the Assoc'd Gen. Contractors of Am. v. City of Jacksonville*, —— U.S. ——, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993) on the issue of whether Plaintiffs properly alleged injury "to their ability to compete stemming from operation of provision exempting minority contractors who complete more than 50% of the work . . ." *Cone Constructors, Inc. et al., v. Hillsborough County*, 5 F.3d 1397 (11th Cir.1993)

### ISSUES

The primary issues which are before this Court, as raised by the remand and pending Plaintiffs' Motion to File a Second Complaint, are:

1) Whether Plaintiffs sufficiently alleged that their "injury in fact" actually stemmed from the provision of the "MBE law" (which provides for the reduction in the minority business enterprise (MBE) goal for minority general contractors who do more than 50% of the work themselves), because it treated minority and non-minority contractors differently, and thus have standing to bring such a claim?

2) Whether the Plaintiffs, should be granted leave to file a second amended complaint?

### STANDARD

A plaintiff must sufficiently allege "injury in fact" to establish standing. The Eleventh Circuit has held that a court must make its determination by assessing the allegations in the complaint. *Cone Corporation v. Florida Dept. of Transportation*, 921 F.2d 1190 (11th Cir.1991). However, in considering whether a plaintiff has standing to bring a claim, the court may consider facts which go beyond

the complaint. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 109, 99 S.Ct. 1601, 1612, 60 L.Ed.2d 66 (1979).

The Court of Appeals remanded this case in light of *Northeastern Florida Chapter of the Assoc'd Gen. Contractors of Am. v. City of Jacksonville*, ―― U.S. ――, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993) which held that a plaintiff must allege "injury in fact" in an equal protection case of this variety. According to *Jacksonville*, this "injury in fact" must constitute the inability to compete on equal footing during the bidding process. Merely losing a contract, will not suffice. *Id.*, 113 S.Ct. at 2303.

Similar to *Jacksonville*, this case deals with a challenge by non-minority contractors to an affirmative action program. The Eleventh Circuit states that it originally affirmed this Court's decision to dismiss the complaint because the affirmative action program did not treat minority and non-minority contractors differently. However, the court went on to say that it may have "been too hasty" in affirming this Court's decision because upon closer look, one provision of the County's plan may in fact treat minority and non-minority contractors differently.

The remand order concerns the provision of the MBE law which provides for the reduction in the minority business enterprise (MBE) goal for minority general contractors who do more than 50% of the work themselves. The Eleventh Circuit reiterated that Plaintiffs must demonstrate "injury in fact" by asserting that a legally protected interest is invaded and is (a) "a concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," injury, pursuant to *Jacksonville*, ―― U.S. at ――, 113 S.Ct. at 2302, quoting *Lujan v. Defenders of Wildlife*, ―― U.S. ――, ――, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992). Moreover, the court narrowed the issue on remand to whether Plaintiffs have in fact alleged any injury which constituted interference to their ability to compete stemming from the operation of the provision treating minority and non-minority contractors differently.

## OPINION

■ In accordance with the remand, this Court has closely looked at both the record and the complaint to determine if Plaintiffs have sufficiently pled the elements enunciated by the Court of Appeals necessary to demonstrate standing pursuant to *Jacksonville*.

Based on examination of the "bare bones" complaint, it does not appear that Plaintiffs adequately alleged that their injury stemmed from the "MBE law." Moreover, Plaintiffs fail to demonstrate that the "MBE law" treats minority and non-minority contractors differently, thus causing the Plaintiff's injury in fact. In order to comply with the standard enunciated by the Court of Appeals, Plaintiffs must allege injury in fact, which must entail a barrier put in place by the government which impairs their ability to compete on equal footing with minority contractors.

Plaintiffs merely allege general injury to "business and property" in their scant complaint. Further, Plaintiffs mention future injury might be caused by the County's "MBE law." Plaintiffs should be well aware that alleged "future injury" is not a sufficient basis on which to state such an equal protection claim. If Plaintiffs insist on alleging only general injury to "business and property" and mere potential for "future injury," they will not be able to avoid another dismissal by this Court.

This order would not be complete without at least a brief mention of rulings in cases decided recently that are similar to the case at bar. *Jacksonville*, the case repeatedly cited by the Court of Appeals, also dealt with an MBE program, and held that the plaintiffs had standing, under the equal protection clause, to challenge a city ordinance, which accorded preferential treatment to certain minority-owned businesses in the award of city contracts. The *Jacksonville* court went further in stating that, in order for a party to challenge a program similar to the City of Jacksonville's, that party need only show that it is able to bid on contracts and that a discriminatory policy prevents it from doing so on an equal basis. *Jacksonville*, ―― U.S. at ――, 113 S.Ct. at 2303.

Similarly, in *Richmond v. Croson*, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989), a case which also dealt with a MBE program, the United States Supreme Court struck down the city's set aside program. The Court held that in order for such an affirmative action plan to withstand challenge, the city must demonstrate a compelling governmental interest in justifying the plan and the plan itself must be narrowly tailored to remedy effects of prior discrimination. The Court stated further, that the city must identify past discrimination in the city's construction industry that would justify a race-based relief. And the Court warned that the City of Richmond must have a "strong basis in evidence for its conclusion that remedial action . . . is necessary." *Id.* at 500, 106 S.Ct. at 725, quoting *Wygant.*

In addition, in *Podberesky v. Kirwan*, 956 F.2d 52 (1992), the Fourth Circuit Court of Appeals held that a minority scholarship program cannot survive an equal protection challenge without showing that the program remedy some present effect of past discrimination. *Kirwan*, cited *Wygant v. Jackson Bd. of Educ.*, 476 U.S. 267, 106 S.Ct. 1842, 90 L.Ed.2d 260 (1986), where the Supreme Court held that "societal discrimination" is a concept too amorphous in nature to supply the justification for race-conscious classification. Similarly, in *University of California Regents v. Bakke*, 438 U.S. 265, 315, 98 S.Ct. 2733, 2761, 57 L.Ed.2d 750 (1978), the seminal case on affirmative action, the United States Supreme Court stated that a set-aside number of places for certain minorities in a university environment, which focus solely on ethnic diversity, hinder rather than further attainment of genuine diversity.

As stated earlier, the complaint herein does not sufficiently set out an equal protection claim. However, based on the entire record, concededly, Plaintiffs may have standing to bring a claim. However, Plaintiffs must show some "concrete and particularized" injury in fact that is imminent and which amounts to something more than "conjectural or hypothetical" injury.

Additionally, upon examining the proposed Second Amended Complaint, this Court finds that Plaintiffs have not yet adequately set forth allegations sufficient to establish their standing under the standards recited herein. The Court is not required to allow an amendment that clearly would be subject to dismissal. *Olsen v. Lane*, 832 F.Supp. 1525 (M.D.Fla.1993)

This Court has now set forth its analysis of the remand order and relevant cases. Based on this Order, and this Court's reading of the case law, Plaintiffs may indeed be able meet the standard required to establish standing.

Therefore, the Court, in an abundance of caution, will afford Plaintiffs further opportunity to amend to state a cause of action. However, this Court cautions Plaintiffs that if a second amended complaint is filed and a subsequent motion to dismiss is granted for failure to sufficiently establish standing, under the standards the Court has discussed in depth herein, they may be subject to sanctions pursuant to Rule 11, Fed.R.Civ.P. If a lack of good faith is found to be the cause of another dismissal, the Court will take under consideration whether or not to indicate the application of sanctions under Rule 11(c)(1)(B), as amended in 1983.

**Accordingly,** it is

**ORDERED** on remand that Plaintiffs' complaint **fails** to establish requisite standing and the complaint be **dismissed;** however, Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket # 125) be **granted;** Plaintiffs shall have ten (10) days from the date of this Order to file a second amended complaint; if a second amended complaint is filed Defendants **shall have** ten (10) days to respond to the complaint; and if Plaintiffs fail to timely file a second amended complaint the Clerk of Court, without further notice, **shall** enter judgment for Defendants and against Plaintiffs for lack of standing in conformance with this Order.

**Done** and **Ordered.**