914 P.2d 558

**Lloyd John MENDES, Sr., Gaylien J. Mendes, Eugene A. Mendes, Sr. and Mary A. Mendes, Plaintiffs–Appellees,**

**v.**

**HEIRS AND/OR DEVISEES OF T. KEALAKAI, also known as Kealakai; Heirs and/or Devisees of Kamai Kealakai, also known as Kamae; Heirs and/or Devisees of Jack Kekuawela; Heirs and/or Devisees of Ella Kekuawela; Roy P. Mattos; Bernadette L. Mattos; Theo H. Davies & Co., Ltd., Successor to Honokaa Sugar Company; and the following adjoining landowners and/or occupants: Roy P. Mattos; Bernadette L. Mattos; County of Hawai'i; State of Hawai'i; John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, Doe Governmental Entities 1–10, and all other persons unknown, claim-**

ing any right, title, estate, lien or interest in the real property described in Plaintiffs' complaint adverse to Plaintiffs' ownership, or any cloud upon Plaintiffs' title thereto, and to all whom it may concern, Defendants–Appellees,

and

William Pa'Akaula Kalawai'Anui, Defendant–Appellant.

No. 17251.

Intermediate Court of Appeals of Hawai'i.

April 4, 1996.

William Pa'akaula Kalawai'anui, Kamuela, pro se, on the brief.

Ivan M. Torigoe (Case & Lynch, of counsel), on the brief, Hilo, for plaintiffs-appellees.

Before WATANABE, ACOBA and KIRIMITSU, JJ.

ACOBA, Judge.

This is an appeal from a circuit court order and judgment granting a motion for judgment on the pleadings filed by Plaintiffs–Appellees Lloyd John Mendes, Sr., Gaylien J. Mendes, Eugene A. Mendes, Sr. and Mary A. Mendes (collectively Appellees) against *pro se* Defendant–Appellant William Pa'akaula Kalawai'anui (Appellant) in an action to quiet title to land. We affirm.

## I.

On December 22, 1992, Appellees filed a Complaint to Quiet Title to certain lands, located on the island of Hawai'i, described as lots 38–A and 38–B, portions of lot 38, Grant 4170 to Kealakai located at Haualoa Homesteads, Āhualoa, Hāmākua. A summons to interested persons was served by publication and by posting, requiring a court appearance by such persons on April 12, 1993 or the filing of an "Answer or appropriate motion" prior to or on April 12, 1993.

On April 20, 1993, Appellant submitted a pleading designated as his "Objection to Plaintiffs' Complaint to Quiet Title ... Answer At–Law and Demand ..." (the Objection) in apparent response to the summons to interested persons.[1] The Objection sets forth Appellant's recounting of certain events of Hawaiian history and claims that "245 chiefs—Konohikis[2] have a right to inherit their ancestor's lands by hereditary succession." (Footnote added.) Attached to the Objection is (1) a copy of Land Court Award No. 9971 to William Pitt Leleiohoku, (2) a map of the land described in the Hawaiian language, (3) a list of land grant awards by the "Commission to Quiet Land Titles"[3] to William Pitt Leleiohoku, (4) an August 9, 1989 letter to U.S. Senator Daniel K. Inouye concerning lands claimed by Appellant, (5) an undated map of the Hawaiian islands indicating land ownership by different entities, (6) a November 9, 1989 letter from the Office of State Planning to Appellant indicating that the agency could not represent Appellant in an unspecified matter, and (7) a statement of "inventory and genealogy" on which is written a note indicating the statement was submitted to the U.S. Department of Forestry.

Appellant apparently claimed to be a descendant of Leleiohoku and thus an heir to lands once awarded to Leleiohoku. On May 20, 1993, the Appellees filed a motion for judgment on the pleadings (the Motion) pursuant to Rule 12(c) of the Hawai'i Rules of

---

1. It does not appear that the circuit court entered judgment against Appellant on the basis of Appellant's late filing of his objection.

2. Under the land system of the Hawaiian kingdom during the eighteenth century, each island was divided into districts called "mokus," and each moku was divided into smaller units called "ahupua'as." Chinen, John J., *The Great Mahele* 1–2 (1958) (*The Great Mahele*). A "konohiki" was a "headman of an ahupua'a land division" under the chief and had control over land or

fishing rights. M. Pukui & S. Elbert, *Hawaiian Dictionary* 166 (rev. ed. 1986).

3. In 1845, the legislature of the Hawaiian kingdom created the Board of Commissioners to Quiet Land Titles, commonly referred to as the Land Commission. *The Great Mahele* at 8. The Land Commission was "in effect a judicial court" which, upon receipt of a claim to a parcel of land, set a hearing date and issued an award after studying the evidence presented. *Id.* at 13.

Civil Procedure (HRCP).[4] The Motion did not present any matters outside of the pleadings. In the Motion, Appellees argued, in part, that the Objection did not (1) set forth any legal or equitable claim to the subject real property, (2) indicate that Appellant was in the chain of title or related to the original grantee, or (3) establish any other connection to Grant 4170 to Kealakai. The court granted the Motion at a hearing on June 4, 1993 and entered final judgment against Appellant's claims pursuant to HRCP Rule 54(b) on June 16, 1993.[5]

On appeal, Defendant filed essentially the same papers he had filed below and the following additional documents: (1) his purported genealogy, (2) a "map of W.P. Leleiohoku's Ahupuaa of Paalaea" which was a tax map of the Third Division, Zone 4, Section 5, (3) a "map of land that the Mendes family claim [sic] Lot No. 38" with a note by Appellant that "I don't know where that lot is," and (4) a September 10, 1993 affidavit indicating his "lineal descent from Kalawai'anui[.]" Appellees, however, point out that the tax map for the Third Division, Zone 4, Section 5, referred to as the "map of Leleiohoku's Ahupuaa of Paalaea" by Appellant, does not encompass Appellees' property because "Appellees' property is in the area described by tax map for the Third Division, Zone 4, *Section 6.*" (Emphasis in original.) The summons by publication and by posting does describe Appellees' lots as "parcels of land situate[d] at Āhualoa, Hāmākua, Hawai'i, being Lots 38–A and 38–B, Āhualoa Homesteads and now referred to by Tax Map Key Nos. (3) 4–*6*–07–68 and 4–*6*–07–75." (Emphases added.) But we cannot and do not consider the additional documents filed for the first time on appeal by Appellant and

Appellees' response to those documents. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(9).[6]

## A.

In a motion for judgment on the pleadings under HRCP Rule 12(c), "the movant [must] clearly establish[ ] that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law." 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1368, at 518 (2d ed. 1990) (Federal Practice).[7] "In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* at 518–19.

> [O]ur task on appeal is to determine whether the circuit court's order ... supports its conclusion that [the movant] is entitled to judgment as a matter of law and, by implication, that it appears beyond [a] doubt that the [nonmoving party] can prove no set of facts in support of [its] claim that would entitle [it] to relief under any alternative theory.

*Baehr v. Lewin,* 74 Haw. 530, 550, 852 P.2d 44, 54, *reconsideration granted and clarification granted in part,* 74 Haw. 650, 875 P.2d 225 (1993) (citations omitted). On appeal, we review *de novo* the trial court's order granting the Motion. *Alexander v. City of Chicago,* 994 F.2d 333, 335 (7th Cir.1993). *See Kruzits v. Okuma Mach. Tool, Inc.,* 40 F.3d 52, 54 (3d Cir.1994) (reviewing court exercises "plenary review" over district court order granting Fed.R.Civ.P. 12(c) motion for judgment on the pleadings).

4. Hawai'i Rules of Civil Procedure (HRCP) Rule 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 [*summary judgment motions*].

5. The transcript of the hearing is not in the record on appeal.

6. "Parts of the record material to the questions presented may be included in the appendix. Anything that is not part of the record shall not be appended to the brief." Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(9).

7. Because HRCP Rule 12(c) is identical to Fed. R.Civ.P. 12(c), we consider sources interpreting the federal rule.

■ We cannot ascertain from the documents filed whether Appellant's claim to land covers the specific parcels involved here. In reviewing an order granting a motion for judgment on the pleadings, we are duty-bound to ascertain whether "it appears beyond [a] doubt that the [nonmoving party] can prove no set of facts ... under any alternative theory[.]" *Baehr*, 74 Haw. at 550, 852 P.2d at 54. However, we believe a pleading must still contain sufficient allegations to sustain some viable legal theory. *Cf. In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 ("[A] complaint still must contain either direct or inferential allegations respecting all [of] the material elements necessary to sustain ... *some* viable legal theory."), *reh'g denied*, 663 F.2d 101 (5th Cir.1981) (citations omitted). We agree with the proposition that under modern pleading rules, pleadings must be liberally construed, but it is the responsibility of the pleader to provide understandable allegations enabling the trial court or the appellate court to determine whether there was any theory which might entitle the pleader to relief. *See U.S. General, Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir.1979) ("Some understandable allegations, [which] even if inartfully drawn, remain essential" to determine whether there is any "recognizable issue for disposition on [the] merits."). *See also Huang v. Shiu*, 124 F.R.D. 175, 177 n. 3 (N.D.Ill.1988) (dismissing plaintiff's poorly written, vague and confusing complaint, stating "It should not be the responsibility of the [c]ourt or the defendants to pore over the complaint in an attempt to ascertain what it intends to say.").

■ From a review of the Objection, we cannot discern what viable legal theory may apply in Appellant's situation. Nothing in Appellant's Objection and the accompanying exhibits establish an understandable claim of title to the specific parcels of land in question. "[T]here is no 'duty [on the part] of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading....'" *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975) (finding that the appellant's claim failed for lack of jurisdiction because complaint did not indicate how jurisdictional amount was met) (quoting *Case v. State Farm Mutual Auto. Ins. Co.*, 294 F.2d 676, 678 (5th Cir.1961)). We note, further, that Appellant did not file any written response to the Motion.

■ Because Appellant's Objection was, in effect, an answer, Appellant could have moved to amend his pleading pursuant to HRCP Rule 15(a) in response to the Motion. HRCP Rule 15(a) provides:

> A party may amend his [or her] pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he [or she] may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his [or her] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....*

(Emphases added.) Read in conjunction with HRCP Rule 7,[8] the allowance for amendment of a "pleading" under HRCP Rule 15(a), extends to each of the following pleadings: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer and to a reply to an answer or third-party answer, which is ordered by a court. *See* 6 C. Wright, A. Miller & M. Kane, *Federal Practice*, § 1475, at 554 (2d ed. 1990).[9]

---

**8.** HRCP Rule 7(a) provides as follows:

(a) **Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

**9.** HRCP Rule 15(a), like Fed.R.Civ.P. 15(a) specifically allows a party to amend a "pleading." According to Wright & Miller & Kane, the term "pleading" in Fed.R.Civ.P. 15

must be interpreted in conjunction with Rule 7(a), which enumerates the pleadings permitted in federal practice as follows: a complaint, an answer, a reply to a counterclaim, an an-

Thus, in the instant case, Appellant could have sought to amend his pleading in order to counter the Motion if he had a basis for doing so. Appellant did not seek to amend his pleadings.

The minutes of the June 4, 1993 hearing indicate that no testimony of witnesses was taken and no exhibits were received into evidence. If there was anything relevant stated at the hearing, Appellant failed to designate the transcript of any such matter for the record on appeal. HRAP Rule 10(b)(2).[10] Under the circumstances, we cannot say that the trial court erred in granting the Motion. We therefore affirm the order granting the Motion.

### B.

■ Appellees contend that the appeal is frivolous and that Appellant should pay attorney's fees and costs under HRAP Rule 38.[11] "A frivolous appeal is one 'manifestly and palpably without merit so as to indicate bad faith on appellant's part.'" *Schubert v. Saluni*, 9 Haw.App. 591, 599, 855 P.2d 858, 862 (1993) (quoting *Morrison–Knudsen Co.*

*v. The Makahuena Corp.*, 66 Haw. 663, 672 n. 5, 675 P.2d 760, 767 n. 5 (1983)). In a November 15, 1993 Order, the Supreme Court of Hawai'i denied Appellees' motion to strike Appellant's opening brief and denied Appellees' request for fees and costs.[12] Appellant appears *pro se* and has made a claim in the general area of Hāmākua, Hawai'i based on his purported genealogy. We do not believe the claim was made in bad faith. Under the circumstances and in the exercise of our discretion, we decline to award attorneys' fees and costs under HRAP Rule 38, but we shall award allowable costs under HRAP Rule 39(a)[13] to Appellees upon submission of an appropriate request.

### II.

For the foregoing reasons, the June 16, 1993 judgment is affirmed.

swer to a cross-claim, a third-party complaint, a third-party answer, and, pursuant to court order, a reply to an answer or third-party answer. Rule 15(a) applies to each of these pleadings.
6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1475, at 554 (2d ed. 1990) (footnote omitted).

10. HRAP Rule 10(b)(2) provides, "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he [or she] shall include in the record a transcript of all evidence relevant to such finding or conclusion."

11. HRAP Rule 38 states, "If a Hawai'i appellate court shall determine that an appeal decided by it was frivolous, it *may* award damages including

reasonable attorneys' fees and costs to the appellee." (Emphasis added.)

12. The court deemed Appellant's answering brief to be an opening brief. The court found that, "Upon consideration of [Appellees'] motion to strike [Appellant's] brief and to dismiss Appellant's appeal with prejudice, the papers in support and the records and files herein, and it appearing that Appellant's brief entitled 'answering brief' is in fact Appellant's opening brief[,]" and "deem[ed] the brief an opening brief."

13. HRAP Rule 39(a) provides in pertinent part, "Except in criminal cases or as otherwise provided by law, ... *if a judgment is affirmed or a petition denied, costs shall be taxed against the appellant or petitioner unless otherwise ordered[.]*" (Emphasis added.)