United States Court of Appeals,

Fifth Circuit.

No. 91–1949.

D. Lanty McCARTNEY, III, Plaintiff–Appellant,

v.

FIRST CITY BANK, Collecting Bank, National Association (a bank in liquidation) and First City Asset Servicing Company, Defendants–Appellees.

Aug. 28, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY and DUHÉ, Circuit Judges, and PARKER,[1] District Judge.

DUHÉ, Circuit Judge:

This case requires us to decide whether the validity of the underlying debt bars an action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692*o,* and more specifically whether the Plaintiff alleged sufficient facts in his complaint to prevail under the Act. We also must decide whether the Plaintiff can withstand a motion to dismiss his claim for damages under 42 U.S.C. § 1983 and for a declaratory judgment under 28 U.S.C. § 2201. We hold that an action under § 1692 is not contingent upon the validity of the underlying debt, and that the Plaintiff has alleged sufficient facts on his other claims as well. We therefore reverse the judgment of dismissal and remand.

I.

The seed from which this suit has grown was planted by First City Bank—Addison, the predecessor of one of the Defendant banks in the present suit.[2] (Our present purposes do not require us to distinguish between the various Defendant banks, so hereinafter we will refer to them collectively as the "Bank.") In 1985 the Bank filed suit in state court against D. Lanty McCartney III in order to collect a debt. He timely answered the suit, but for reasons that are not clear from the

---

[1]Chief Judge of the Eastern District of Texas, sitting by designation.

[2]All facts are taken from the complaint. *See infra* Part II.

record, the bank obtained a default judgment against him for $25,451.59 pl us interest.  The Bank made no effort to collect the judgment until September 1990, when it began to contact McCartney and "embarked on an unlawful campaign of intimidation and harassment" against him.  Complaint ¶ IX, R.# 3.

On January 25, 1991, McCartney filed suit under the Fair Debt Collection Practices Act, the Civil Rights Act, and the Declaratory Judgment Act.  The Bank moved to dismiss for lack of jurisdiction and failure to state a claim,[3] and the district court granted the motion.  The district court therefore dismissed the suit with prejudice, and the Plaintiff appeals.

## II.

The district court's dismissal does not appear to be predicated on a lack of subject matter jurisdiction.  Certainly if the Plaintiff stated claims under §§ 1692 and 1983, the district court would have jurisdiction over the controversy.  15 U.S.C. § 1692k(d); 28 *id.* § 1343(a)(4).  The dismissal, therefore, must be based on failure to state a claim under Rule 12(b)(6) and not on lack of jurisdiction under Rule 12(b)(1).  When we review the dismissal of a complaint for failure to state a claim, we must accept all well-pleaded facts as true, and we view them in the light most favorable to the plaintiff.  We may not look beyond the pleadings.  The dismissal should be affirmed only if the plaintiff can prove no set of facts that would entitle him to the relief for which he prays.  *Rankin v. Wichita Falls, Tex.,* 762 F.2d 444, 446 (5th Cir.1985).

## III.

The district court based its dismissal of the § 1692 claim on the Plaintiff's failure to "establish that the default judgment rendered against him is void or voidable."  Order, R. 34.  The statute does not require a plaintiff to do so, however.  The Act makes debt collectors liable for various "abusive,

---

[3]Fed.R.Civ.P. 12(b)(1), (6).

deceptive, and unfair debt collection practices"[4] regardless of whether the debt is valid. In the definitional section of the Act, "debt" is defined as "any obligation or alleged obligation of the consumer to pay money." *Id.* § 1692a(5). As one of our sister circuits has observed, "The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G.C. Serv. Corp.,* 677 F.2d 775, 777 (9th Cir.1982) (citing 1977 U.S.C.C.A.N. 1695–96). The dismissal for failure to show that the underlying debt is void or voidable, therefore, was in error.

## IV.

The district court dismissed the Plaintiff's § 1983 claim because he failed to allege state action. The gravamen of his claim is that the Bank, "under color of the statutes and regulations of the State of Texas ... obtain[ed] unlawful entry of the subject default Judgment against Plaintiff and ... engage[d] in its unlawful campaign of intimidation and harassment against Plaintiff." Complaint ¶ X, R. 4.

If a state merely allows private litigants to use its courts, there is no state action within the meaning of § 1983 unless "there is corruption of judicial power by the private litigant." *Earnest v. Lowentritt,* 690 F.2d 1198, 1200 (5th Cir.1982). Thus, a plaintiff could prevail if he could show that the "private defendants willfully participated in a joint action with a state official." *Daniel v. Ferguson,* 839 F.2d 1124, 1131 (5th Cir.1988). We cannot say, therefore, that the Plaintiff can prove no set of facts to support his allegation. The dismissal of the § 1983 claim was in error.

## V.

The Plaintiff has also prayed for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. If the district court on remand finds that it has "a case of actual controversy within its jurisdiction," it has the discretion to render a declaratory judgment. Because we reverse and remand

---

[4] 15 U.S.C. § 1692(a).

with respect to the claims under §§ 1692 and 1983, we also remand on this issue so the district court may exercise its discretion to decide whether granting of declaratory relief would be appropriate.

VI.

We hold that the validity of the underlying debt is not a bar to suit under the Fair Debt Collection Practices Act. We also find that the Plaintiff may prove some set of facts to support the allegations in his complaint and to entitle him to the relief for which he prays. Dismissal under Rule 12(b), therefore, was improper. Accordingly, the case is

REVERSED and REMANDED.