Charlie **MURPHY** and Hazel Murphy, Plaintiffs,

v.

**WAL–MART ASSOCIATES' GROUP HEALTH PLAN,** Prudential Health Care Plans, and Dr. Allen J. Chernov, Defendants.

No. 1:95–CV–012.

United States District Court,
E.D. Texas,
Beaumont Division.

March 20, 1995.

Kenneth W. Lewis, Bush Lewis Ramsey & Roebuck, Beaumont, TX, for plaintiffs.

Alan M. Magenheim, Hirsch Glover Robinson & Sheiness, Katherine S. Youngblood, Youngblood & White, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs Charlie and Hazel Murphy contend that Charlie Murphy was improperly denied medical treatment under Wal–Mart Associates' Group Health Plan and the Prudential Health Care Plan (Plans). Plaintiffs filed this suit against the above defendants for violations of the Texas Insurance Code, Texas Deceptive Trade Practices and Consumer Protection Act, breach of contract, bad faith, and other claims of fraud relating to the Plans' refusal to provide medical treatment. Defendants Dr. Allen J. Chernov (Chernov) and the Prudential Insurance Company of America (Prudential) filed a motion to dismiss for failure to state a claim contending that plaintiffs claims are preempted by the Employee's Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Defendants also contend that, as fiduciaries under the Plan, they are improper parties to this suit.

This court finds that ERISA preempts plaintiffs' state laws claims. This court also finds that the plaintiffs have no independent cause of action against fiduciaries of a benefit plan under ERISA unless liability can be established in the individual capacity of these defendants. 29 U.S.C. § 1132(d)(1)–(2). Therefore, defendants' Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED, in part and defendants will remain as named parties subject to 29 U.S.C. section 1132(d).

## BACKGROUND

Plaintiff Hazel Murphy works for Wal–Mart Stores, Inc. as an "associate." As a Wal–Mart associate, Hazel Murphy purchased health care insurance for herself and plaintiff Charlie Murphy under the Wal–Mart Associates' Group Health Care Plan (Plan). Some time after enrolling in the Plan, Charlie Murphy developed a recurrent, low grade non-Hodgkins lymphoma cancer. The treatment of this cancer was covered under the Plan pursuant to certain conditions and limitations. Early in 1992, Charlie Murphy was treated with chemotherapy at M.D. Anderson Cancer Research Center (M.D. Anderson) in Houston, Texas. In June 1994, The specialists at M.D. Anderson recommended additional specialized treatment in order to prolong Charlie Murphy's life. This type of treatment involved harvesting bone marrow and preserving it for use after chemotherapy was completed. The recommended procedure is extremely expensive and the probability of patient recovery declines if an individual postpones treatment.

The Plan contacted Dr. Alan J. Chernov and the Institutes of Quality, a division of the Prudential Health Care Plans, to determine whether this course of treatment was medically necessary and whether the treatment involved experimental or investigatory procedures. Dr. Chernov determined that Charlie Murphy's resistance to chemotherapy demonstrated that the treatment was not medically appropriate at this time.

Charlie Murphy's treating physician at M.D. Anderson, Dr. Issa Khouri, appealed this finding on behalf of Mr. Murphy to the Wal–Mart Administrative Committee (Committee). The Committee denied Mr. Murphy's appeal on the grounds that the treatment was inappropriate for his medical condition under section N of the Plan guidelines. Section N excludes coverage for experimental, investigative, unnecessary or inappropriate procedures.

Plaintiffs originally brought this suit in the state district court of Hardin County Texas. Defendants properly removed the case to federal court under 28 U.S.C. § 1331 and 29 U.S.C. § 1001, *et seq.* (ERISA). If the court determines that the Plan should be analyzed under 29 U.S.C. section 1001, *et seq.,* plaintiffs' complaint contends that the Plan arbitrarily and capriciously denied benefits and, in fact, abused its discretion by denying plaintiffs' benefits. Plaintiffs also maintain that ERISA's preemptive scope is unconstitutional. Specifically, plaintiffs' contend that ERISA violates the Fifth Amendment because it permits the deprivation of life, liberty or property without due process.

If ERISA does not preempt the state law claims, plaintiffs then assert violations of the Texas Insurance Code, Texas Deceptive Trade Practices and Consumer Protection Act, breach of contract, bad faith and fraud. Plaintiffs also brought a claim for medical malpractice against Dr. Chernov for refusing to recommend further treatment under the Plan.

## ANALYSIS

A complaint should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond a doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). The allegations contained in plaintiffs' complaint must be accepted as true and only those contentions within the complaint may be considered in reaching a decision. *Green v. State Bar of Texas,* 27 F.3d 1083, 1086 (5th Cir.1994).

In the present case, defendants Prudential and Dr. Chernov filed this motion to dismiss for failure to state a claim under Rule 12(b)(6) contending that ERISA preempts plaintiffs' state law claims and that plaintiffs improperly included these defendants as parties to this suit.

It is well established that courts read section 514(a) of ERISA as deliberately expansive and broadly construe the preemptive scope of the statute.[1] *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1328 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992). Section 514(a) preempts state law whenever a state law has "a connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983).

In *Pilot Life,* the Supreme Court expressly preempted common law tort and contract actions seeking damages for improper processing of disability claims. *Pilot Life,* 481 U.S. at 46–48, 107 S.Ct. at 1552–53. This Circuit also held that ERISA preempted common law fraud and negligent misrepresentation claims that allege reliance on

---

1. Section 514(a) states in relevant part:
   Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a).…

ERISA § 514(a). Section 514(b)(2)(A) exempts certain State laws from preemption, however, none of these exemptions apply to the present case.

agreements or representations about the coverage of a Plan. *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218 (5th Cir.), cert. denied, — U.S. —, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992).

Furthermore, in *Corcoran v. United Healthcare, Inc.*, the court found that preemption applied to claims against a fiduciary who made medical decisions in the context of determining the availability of benefits under a Plan. *Corcoran*, 965 F.2d at 1333. The court reluctantly recognized that ERISA's civil enforcement scheme provides no remedy for medical malpractice in connection with benefit determinations under health care plans. *Id.* However, the court adhered to the comprehensively preemptive nature of ERISA and left the duty of creating a remedy in these situations to the wisdom of our benevolent Congress. *Id.* at 1338–1339.

■ Similarly, in the present case, plaintiffs and defendants agree that Prudential and Dr. Chernov were acting as fiduciaries of Wal–Mart Associates' Group Health Plan by making medical decisions in the context of determining the availability of benefits under the Plan. Plaintiffs' own complaint states that Prudential and Dr. Chernov acted as medical consultants and merely offered opinions as to whether a particular treatment was medically necessary under the Plan.

The purpose of the Murphys' lawsuit against Prudential and Dr. Chernov is to hold them liable for actions they took in connections with their duties under the Wal–Mart Plan. The actions of these defendants "relate to" the cost containment features of the Plan and/or the management of Plan assets. The actions of Prudential and Dr. Chernov are, therefore, protected under the preemptive panoply of ERISA notwithstanding the disturbing lack of available remedy in cases involving Plan fiduciaries. As such, this court finds that ERISA preempts any claims against these defendants.

The Fifth Circuit in *Corcoran* clearly addressed these issues noted that "in any plan benefit determination, there is always some tension between the interest of the beneficiary in obtaining quality medical care and the interest of the plan in preserving the pool of funds available to compensate all beneficia-

ries." *Corcoran*, 965 F.2d at 1338. The court recognized, however, that Congress intended to preempt state law claims in this field and further intended not to provide a remedy for plaintiffs in these types of cases. *Id.* Consequently, this court follows the astute reasoning of the *Corcoran* court and refuses to fashion a remedy for the plaintiffs in this case.

■ Plaintiffs also attack ERISA on Constitutional grounds by asserting that ERISA violates the Fifth Amendment. Not surprisingly, the plaintiffs fail to proffer any case law to support their unconstitutionality claims nor can this court find any. Although the *Corcoran* court questioned the lack of available remedy, it found no reason to examine the constitutionality of the statute. *Corcoran*, 965 F.2d at 1338–1339. This court shares the *Corcoran* court's concern over the lack of an available remedy and further follows its refusal to find that ERISA violates the Constitution.

In the present case, plaintiffs are limited to suing to recover benefits due under the terms of the Plan or to suing to enforce their rights to future benefits under the Plan. 29 U.S.C. § 1132(a)(1)(B). Under 29 U.S.C. section 1132(d), the employee benefit Plan may sue or be sued as an entity and any money judgment against a Plan is enforceable only against that Plan. Defendants Prudential and Dr. Chernov may be retained as parties to this suit but shall not be held liable as administrators unless it is later determined that they are liable in their individual capacity. 29 U.S.C. § 1132(d).

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Plaintiffs' state law claims are preempted by ERISA. This court further finds that the lack of an available remedy in this situation does not violate the Constitution.