Cecil Alton PARKER, James E. Parker, Jr., Janice Honeycutt, Deborah Broxson, the Beverly A. Parker Revocable Trust, Through Beverly A. Parker, Trustee, Beverly A. Parker, Individually, and James E. Parker, Sr., Plaintiffs,

v.

BYRD & WISER, A Partnership, Nicholas Van Wiser, Individually and as a Partner, Dan Livingston, Robert L. Burklow, Eddie R. Burklow, Melvin A. Burklow, James Wilson and John Does 1 Through 15, Defendants.

Civil Action No. 3:95–cv–31WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 29, 1996.

Albert D. Malone, Malone & Wright, Ridgeland, MS, for plaintiffs.

William L. McDonough, Jr., Bryant, Clark, Dukes, Blakeslee, Ramsay & Hammond, Gulfport, MS, for Nicholas Van Wiser, Individually, A Partnership, all defendants.

Robert A. Miller, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Louis B. Lanoux, Watkins & Eager, Jackson, MS, Dan Livingston, Partner, Robert L. Burklow, Eddie R. Burklow, Melvin A. Burklow, James Wilson.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are the defendants' motions asking this court to dismiss the plaintiffs' lawsuit. Filed pursuant to Rules 12(b)(1) and 12(b)(6),[1] defendants' motions respectively assert that plaintiffs' complaint lacks subject matter jurisdiction and fails to state a claim upon which relief can be granted. At issue here is the reach of § 1983,[2] Title 42 U.S.C., the alleged juridical basis for plaintiffs' complaint. On January 21, 1992, defendants, a Mississippi law firm and its constituent members, filed a civil lawsuit in a Mississippi state court on behalf of certain creditors of James E. Parker, Sr., against the plaintiffs herein, all Florida residents, accusing the plaintiffs herein of having engaged in fraudulent conveyances of oil and gas lease interests. According to defendants' state court complaint, James E. Parker, Sr., conveyed his oil and gas lease interests in Mississippi wells to members of his family in order to avoid outstanding judgments owed by Parker to the creditors in Florida. This, according to defendants' state court complaint, violated Mississippi's fraudulent conveyance statute, § 15-3-3[3] of the Mississippi Code.

Aggrieved at being made defendants in the Mississippi state court action, plaintiffs herein instituted this lawsuit against the creditors and the defendant law firm and one of its members pursuant to § 1983. Urging the court to dismiss this action in its entirety, defendants herein, by their motions presently before the court, aver that they are not "state actors" as required by § 1983, and, contrary to plaintiffs' arguments, that their having utilized state procedures for filing a complaint, summons, lis pendens and notice of depositions does not convert them into "state actors." Although plaintiffs herein offer argument opposed to defendants' position, this court agrees with defendants herein and hereby dismisses this lawsuit. The court's reasoning is set out below.

## I. PERTINENT FACTS

Dan Livingston, Melvin A. Burklow, Robert L. Burklow, Eddie R. Burklow, and James Wilson (hereinafter "the creditors"), all defendants in the lawsuit before this court, sued James E. Parker, Sr., in the State of Florida on claims of unpaid debts. Eventually, the creditors obtained a favorable judgment. Thereafter, say the credi-

---

**1.** Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure provide in pertinent part:

> **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> (1) lack of subject matter jurisdiction,
> (6) failure to state a claim upon which relief can be granted, ...

**2.** Title 42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**3.** Miss.Code Ann. § 15-3-3 states in pertinent part that "[e]very ... conveyance of lands, ... by writing ... had or made and contrived of ... fraud, covin collusion, or guile, to the intent or purpose to delay, hinder, or defraud creditors of their just and lawful actions, suits, debts ... shall be deemed and taken only as against the person or persons, ... and every of them whose debts, ... or interests by such guileful and covinous devices and practices shall or might be in any wise disturbed, hindered, delayed, or defrauded, to be clearly and utterly void; any pretense, color, feigned consideration, expressing of use, or any other matter or thing to the contrary notwithstanding."

tors, James E. Parker, Sr., conveyed his oil and gas lease interests in Mississippi to members of his family. Convinced that Parker undertook these conveyances in order to avoid their execution of judgment against the lease interests to satisfy the outstanding judgment, the creditors hired Nicholas Van Wiser of the Mississippi law firm of Byrd & Wiser to challenge the conveyances and to pursue collection of their judgments in Mississippi. Persuaded that § 15–3–3 (*see* footnote 3) of the Mississippi Code lent legal substance to the creditors' contentions, on January 21, 1992, Attorney Wiser filed Civil Action No. 9131 in the Chancery Court of Jefferson Davis County, Mississippi.

After filing the state court action, Wiser then filed a lis pendens [4] notice in the records of the Chancery Clerk of Jefferson Davis County. Apparently, Tesoro Petroleum, an operator of an oil and gas well on the lease property in question, found out about the creditors' lawsuit either during a routine check of the land records in Jefferson Davis County or otherwise. Fearful that he might be paying the lease proceeds to the wrong person or parties, the operator then ceased paying lease proceeds either to James E. Parker, Sr., or to the Parker family members, deciding instead to deposit the proceeds directly into court.

Subsequently, James E. Parker, Sr., filed a Chapter 7 bankruptcy petition, Case No. 94–04020, in the United States Bankruptcy Court for the Northern District of Florida. As routinely done, the bankruptcy court imposed an automatic stay [5] relative to any lawsuits involving Parker. Eventually Parker was adjudicated bankrupt, and the automatic stay in that bankruptcy proceeding

was lifted with regard to the fraudulent conveyance lawsuit in Mississippi. After that, the creditors were permitted to pursue that litigation in order to restore title to the oil and gas interests in James E. Parker, Sr., to collect the creditors' respective judgments, and to preserve any remaining proceeds after payment of the judgments for the benefit of the bankruptcy estate.[6]

Sometime thereafter, prior to the resolution of the dispute between the parties in the state court action, the Parkers (defendants in the state court action) filed this federal civil lawsuit against the law firm of Byrd and Wiser, its partner Nicholas Van Wiser, and the creditors. As earlier mentioned, the plaintiffs herein are all family members of James E. Parker, Sr. Contending that their cause of action properly lies against the defendants herein under § 1983, plaintiffs seek compensatory damages, punitive damages, attorney fees and costs.

## II. *STANDARD OF REVIEW*

The district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure address the sufficiency of pleadings. The court's inquiry essentially is limited to the contents of the complaint and pleadings. *Clark v. Tarrant*

---

**4.** A lis pendens notice in Mississippi is authorized by statute, § 11–47–3 of the Mississippi Code. A lis pendens gives notice to the world of a claim of a lien or interest, but does not constitute the basis for the imposition of a lien. *Aldridge v. Aldridge*, 527 So.2d 96, 99 (Miss.1988).

**5.** Section 362(a), 11 U.S.C., provides in part that a "petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—(1) the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that

arose before the commencement of the case under this title...."

**6.** According to the creditors, the Trustee in bankruptcy voiced no objection to the creditors pursuing their fraudulent conveyance claims in the Mississippi court because the conveyances in question took place more than one year before the petition in bankruptcy was filed. Title 11 U.S.C. § 548 permits a trustee to avoid a transfer or conveyance only if it is made within one year before a petition is filed in order to defraud a creditor. Therefore, say the creditors, the oil and gas lease interests in question were beyond the reach of the Trustee in bankruptcy.

*County, Texas,* 798 F.2d 736, 745 (5th Cir. 1986). Dismissal pursuant to Rule 12(b)(6) is granted only where it appears beyond doubt that the plaintiffs could prove no set of facts in support of their claim which would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Tanglewood East Homeowners v. Charles–Thomas, Inc.,* 849 F.2d 1568, 1572 (5th Cir.1988); *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir.1981).

## III. *LAW GOVERNING § 1983 ACTIONS*

■ Section 1983 provides a cause of action to individuals who have been deprived of a federally protected right by a person acting under "color of state law," *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). The traditional definition of "state action" requires the defendant to exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

■ More recent cases, employing a two-step analysis, indicate that private conduct "fairly attributable to the state" also may be actionable under § 1983. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The two-step analysis is as follows: first, the court must ascertain whether the alleged constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority. *Lugar,* 457 U.S. at 937–42, 102 S.Ct. at 2754–56; secondly, the court must determine whether the private party could be fairly described as a state actor. *Lugar,* 457 U.S. at 939–42, 102 S.Ct. at 2755–56. Relative to this second factor, courts have applied different tests to analyze the relationship between private parties and state authorities. *Lugar,* 457 U.S. at 937–39, 102 S.Ct. at 2754; *see also Flagg*

*Brothers,* 436 U.S. at 157–58, 98 S.Ct. at 1734 (joint action test); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974) (nexus test); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 170, 90 S.Ct. 1598, 1615, 26 L.Ed.2d 142 (1970) (state compulsion test); *Marsh v. Alabama,* 326 U.S. 501, 506, 66 S.Ct. 276, 278, 90 L.Ed. 265 (1946) (public function test). Most recently, the Supreme Court articulated three factors relevant to this determination: (1) the extent to which private parties rely on state assistance or benefits; (2) whether private parties are performing traditional governmental functions; and (3) whether the alleged injury has been aggravated in a unique way by the incidents of state authority. *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 622, 111 S.Ct. 2077, 2083, 114 L.Ed.2d 660 (1991). Regardless of the label, "only by sifting facts and weighing circumstances can the nonobvious involvement of the state in private conduct be attributed its true significance." *Lugar,* 457 U.S. at 939, 102 S.Ct. at 2755, citing *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961).

## IV. *ANALYSIS*

■ According to plaintiffs, Nicholas Van Wiser acted under color of state law in the underlying state court lawsuit: (1) when he personally mailed a summons and complaint in Civil Action No. 9131 to the plaintiffs on behalf of the creditors; (2) when he caused a lis pendens document to come into possession of the operator of the Section 36 well; and (3) when he noticed James E. Parker, Sr., for deposition. "State action" within the meaning of § 1983 is involved here, say plaintiffs, because none of these acts could have been accomplished without the supportive enabling power of the state. Rule 4 of the Mississippi Rules of Civil Procedure and MCA § 13–3–57, Mississippi's long-arm statute empowered Wiser and the creditors to serve their summons and complaint. Section 11–47–3 [7] of

---

7. Section 11–47–3 of the Mississippi Code states as follows:

When any person shall begin a suit in any court, whether by declaration or bill, or by cross-complaint, to enforce a lien upon, right

to, interest in, any real estate, unless the claim be founded upon an instrument which is recorded, or upon a judgment duly enrolled, in the county in which the real estate is situated, such person shall file with the clerk of the

the Mississippi Code was the basis for the lis pendens notice, which, say plaintiffs, contained a property description which was too general and, thus, included more interests than were involved in the transfers. Similarly, say plaintiffs, defendants' notice of deposition directed to James E. Parker, Sr., was permitted only pursuant to Rule 30 of the Mississippi Rules of Civil Procedure. So, conclude plaintiffs, defendants' malicious state court lawsuit against them was made possible only because of the collaborative assistance of the state.

The plaintiffs rely upon the case of *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). In *Edmonson*, the Supreme Court found substantial state involvement in the trial practice of allowing parties to peremptorily challenge[8] prospective jurors. The *Edmonson* Court held that peremptory challenges perform a traditional function of the government because "[t]heir sole purpose is to assist the government in the selection of an impartial trier of fact." *Id.*, 500 U.S. at 620, 111 S.Ct. at 2083. The plaintiffs herein argue for an extension of the *Edmonson* rationale to this case, asking this court to view service of process, lis pendens and notice of depositions as the *Edmonson* Court saw peremptory challenges.

This court is not persuaded by plaintiffs' argument. First of all, this court is unconvinced that the rationale of *Edmonson* is broad enough to embrace plaintiffs' position. *Edmonson* dealt with peremptory challenges, an exercise which allowed private parties to exclude jurors without explanation. The aggrieved plaintiff in *Edmonson* attacked the practice under the Equal Protection Clause of the Fourteenth Amendment, charging that

the practice permitted race discrimination. In its search to determine the requisite "state action" for application of the Fourteenth Amendment was involved, the Court applied the state-action test of *Lugar*[9] and found that the involvement of the court in the parties' use of peremptory challenges was so significant, so active, so overt, so traditionally a court function which aggravates any injury therefrom, that the practice must be construed as "state action."

Plaintiffs cannot show that type of nexus here between the state and a party's reliance on the state's judicial procedures for initiating and prosecuting a civil lawsuit. Plaintiffs here cannot satisfy the second prong of the *Lugar* test, that the private litigant in all fairness must be deemed a state actor. As explained in *Lugar*, under this fact intensive factor, a court examines the extent to which the actor relies on state assistance and benefits; whether the actor is performing a traditional governmental function; and whether the injury caused is aggravated in a unique way by the incidents of governmental authority. *Edmonson*, 500 U.S. at 620–22, 111 S.Ct. at 2083. The *Edmonson* Court itself observed in passing that:

> Here, as in most civil cases, the initial decision whether to sue at all, the selection of counsel, and any number of ensuing tactical choices in the course of discovery and trial may be without the requisite governmental character to be deemed state action.[10]

*Id.* at 627–28, 111 S.Ct. at 2086–87.

Here, plaintiffs ask this court to find "state action" merely because the state has promulgated rules for the commencement and prosecution of civil actions and afforded litigants a forum for dispute resolution. Beyond that,

chancery court of each county where the real estate, or any part thereof, is situated, a notice containing the names of all parties to the suit, a description of the real estate, and a brief statement of the nature of the lien, right, or interest sought to be enforced. The clerk shall immediately file and record the notice in the *lis pendens* record, and note on it, and in the record, the hour and day of filing and recording.

8. A peremptory challenge is distinguished from a challenge for cause and traditionally was exer-

cised without the necessity of the challenging party having to state a reason therefor.

9. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982).

10. Exceptions, of course, arise where the private party acts with a governmental official, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 18–22, 107 S.Ct. 1519, 1530–31, 95 L.Ed.2d 1 (1987); or where the private party as in *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), acts in some capacity on behalf of the state.

the state's role here has been passive. The rules and procedures are evenhanded. The state has derived no benefit from the litigation, has not encouraged such and had not rendered assistance. This situation is hardly equivalent to that of *Edmonson.*

Finally, settled jurisprudence is antagonistic to plaintiffs' argument. Plaintiffs' position has been undermined by a number of case decisions which have rejected attempts to define "state action" under § 1983 as simply the utilization of the state's judicial process and procedures. *See Howard Gault Co. v. Texas Rural Legal Aid, Inc.,* 848 F.2d 544, 555 (5th Cir.1988) ( [a] litigant does not "act under color of state law" by merely filing a lawsuit and seeking a temporary injunction); *Wyatt v. Cole,* 994 F.2d 1113, 1117–18 (5th Cir.), *cert. denied,* 510 U.S. 977, 114 S.Ct. 470, 126 L.Ed.2d 421 (1993) (even the misuse or abuse of the judicial process does not constitute state action); *Slavin v. Curry,* 574 F.2d 1256, 1265 (5th Cir.1978) (a private attorney does not act under color of state law unless it can be shown that he participated in a conspiracy), *overruled on other grounds,* 604 F.2d 976 (5th Cir.1979);[11] *Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir.1974) (lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law), *overruled on other grounds* (see footnote nine), 604 F.2d 976 (5th Cir.1979); *Dahl v. Akin,* 630 F.2d 277, 281 (5th Cir.1980) (prosecution of a private lawsuit implies no authority beyond the First Amendment right of petition); *Miller v. Hartwood Apartments, Ltd.,* 689 F.2d 1239, 1242 (5th Cir.1982) (mere use of state process does not support a § 1983 claim); *Polk v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (a public defender is not a state actor when performing a lawyer's traditional functions).[12] *See also Pete v. Metcalfe,* 8 F.3d 214, 216–17 (5th Cir.1993), citing *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (private attorneys are not liable under § 1983 for malpractice, negligence or inaction).

 Private attorneys are amenable to suit under § 1983 when it is shown that the attorney was a willful participant in joint action with the State or its agents, *Pete v. Metcalfe,* 8 F.3d at 216, citing *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), and state action may exist if "there is corruption of judicial power by a private litigant." *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992); and *Earnest v. Lowentritt,* 690 F.2d 1198, 1200 (5th Cir.1982). This requires a showing that "private defendants willfully participated in a joint action with a state official." *McCartney,* 970 F.2d at 47; *see e.g., Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 20, 107 S.Ct. 1519, 1530–31, 95 L.Ed.2d 1 (1987) (state agents were compelled to enforce a final judgment at the direction of a private creditor); *Lugar,* 457 U.S. at 924–25, 102 S.Ct. at 2747 (sheriff executed a writ of attachment obtained in an ex parte proceeding); *Howard Gault,* 848 F.2d at 555 (attorney general, district attorney and deputy sheriff were extensively involved in enforcing an injunction).

As earlier stated, this court is persuaded that the defendants clearly have the better of the argument *sub judice.* There is no showing that Nicholas Van Wiser, Byrd & Wiser, or the creditors colluded with state officials in order to deprive the plaintiffs of their property. Instead, the plaintiffs have alleged only that the defendants' attorney himself was acting as the state official. This court finds it apparent from the pleadings that the underlying state court action was filed by a private attorney on behalf of private parties asserting a civil claim under a Mississippi statute. This civil litigation is but a private dispute. Accordingly, this court finds that defendants' conduct of merely serving a summons and complaint in the

---

**11.** The Fifth Circuit found that individuals could be liable under the Civil Rights Act of 1971 where they conspire with a judge, even if the judge has judicial immunity from the suit, thereby abolishing the doctrine of derivative immunity. *Sparks v. Duval County Ranch Co. Inc.,* 604 F.2d 976, 983 (5th Cir.1979).

**12.** Cf. *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) (a public defender making personnel decisions for the state is a state actor because he must comply with certain constitutional requirements just as the state).

underlying state court action, filing a lis pendens notice and noticing depositions does not implicate a § 1983 cause of action.[13] *Pete v. Metcalfe*, at 216–17.

## V. THE PENDENT STATE CLAIMS

■ The pendent state claims raised by the plaintiffs' complaint are abuse of process,[14] slander of title,[15] conversion,[16] civil conspiracy,[17] and infliction of emotional distress.[18] The federal court's power to exercise jurisdiction over these state law claims is governed by Title 28 U.S.C. § 1367. In civil actions where the federal court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Title 28 U.S.C. § 1367(a). However, under Title 28 U.S.C. § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

(1) the claim raises a novel or complex issue of State law; or

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; or

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are compelling reasons for declining jurisdiction.

This court finds nothing in the plaintiffs' complaint which would support a § 1983 claim. Therefore, dismissal of the plaintiffs' state law claims without prejudice is proper under Title 28 U.S.C. § 1367(c)(3). *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir.1992).

## VI. CONCLUSION

This court finds the motions of the defendants to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure well taken and the same are hereby granted. Therefore, the plaintiffs' claims pursuant to Title 42 U.S.C. § 1983 are hereby dismissed with prejudice. The plaintiffs' pendent state claims are dismissed without prejudice. The court will enter a separate judgment in accordance with the Local Rules.

Order granting dismissal of § 1983 claims.

13. Plaintiff also argues that § 1983 is here implicated because in the underlying state court action the defendants relied upon an unconstitutional state statute for their lawsuit, § 15-3-3, and because defendants' state lawsuit amounts to malicious prosecution. This court finds these arguments, too, to be without basis and subject to the same analysis and result this court applied to plaintiffs' other arguments for § 1983 coverage.

14. Abuse of process is the illegal use of process by a party with an ulterior motive which results in damage from the illegal use. *McLain v. West Side Bone and Joint Center*, 656 So.2d 119, 123 (Miss.1995).

15. Slander of title, the "malicious filing for record of an instrument known to be inoperative, and which disparages the title of land, is a false and malicious statement for which damages may be recovered." *See Dethlefs v. Beau Maison Development Corp.*, 511 So.2d 112, 117 (Miss.1987);

*Walley v. Hunt*, 212 Miss. 294, 54 So.2d 393 (1951).

16. Conversion is the intent to exercise dominion or control over goods which is inconsistent with the true owner's right. *Walker v. Brown*, 501 So.2d 358, 361 (Miss.1987).

17. In the context of civil conspiracy, the Mississippi Supreme Court has stated that a conspiracy is "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." Civil conspiracy resulting in damages may give rise to recovery. *Roussel v. Hutton*, 638 So.2d 1305, 1315 (Miss.1994).

18. The standard for a finding of intentional infliction of emotional distress is whether the conduct complained of is malicious, intentional, willful, wanton, grossly careless, indifference, or reckless. *Leaf River Forest Products v. Ferguson*, 662 So.2d 648, 659 (Miss.1995).