**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 96-40477
(Summary Calendar)

TRAVIS ODEN,

Plaintiff-Appellant,

versus

TEXAS, CAMERON COUNTY; ALEX PEREZ,
in his Individual and Official
Capacities; JOE ELIZARDI, in his
Individual and Official Capacities;
and NURSE CASTILLO,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas,
Brownsville Division

(B-95-CV-140)

December 23, 1996

Before HIGGINBOTHAM, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's dismissal of

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

Plaintiff-Appellant Travis Oden's complaint against Defendants-Appellees Cameron County, Alex Perez, and Joe Elizardi under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. "Nurse" Castillo was never served and therefore is not a defendant. We affirm.

I

FACTS AND PROCEEDINGS

On Wednesday, October 20, 1993, while Oden was a pre-trial detainee at the Cameron County Detention Center, he was issued a pair of plastic sandals and told to clean the shower stalls. During the course of performing that task, Oden slipped and fell hard on his hand, dislocating his arm from the socket. Oden seeks to recover damages from Cameron County under the Texas Tort Claims Act[2] for the County's alleged negligence in supplying him plastic sandals to wear while cleaning the showers. Oden also seeks to recover damages from the County, Perez, Elizardi, and nurse Castillo under 42 U.S.C. § 1983, based on their deliberate indifference to his medical needs, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Oden's complaint and appellate brief painstakingly recount the facts underlying his § 1983 claim. A distillation of those facts reveals the following allegations of misconduct or indifference: (1) After Nurse Castillo took x-rays of Oden's arm, administered multiple painkiller shots, and allowed him to visit a hospital for

_____

[2] Tex. Civ. Prac. & Rem. Code § 101.001, et seq. (West 1986 & Supp. 1996).

2

treatment, she refused to give him a hot water bottle; (2) when Oden contracted a thumb infection, he lost part of his thumbnail because he was forced to treat himself by draining pus before the nurse was willing to take his complaints seriously and assist him; and (3) six days before Oden's release, Chief Elizardi promised his father that Oden would see another doctor and receive a hot water bottle but failed to fulfill either of those promises before Oden's release.

Oden filed his complaint in Texas state court on August 1, 1996, and the defendants removed to federal district court. The defendants immediately requested a stay of discovery pending the court's determination of the individual defendants' qualified immunity defense. On December 15, the magistrate judge filed a Report and Recommendation that recommended the dismissal of Oden's claims against Perez and Elizardi, identified the Texas Tort Claims Act negligence claim against the County as the only remaining claim, and ordered the parties to file pleadings addressing the issue of "notice" under the Texas Tort Claims Act.

On April 3, 1996, pursuant to the defendants' motions for judgment on the pleadings, the district court issued two orders, one adopting the magistrate's Report and Recommendation and the other dismissing all claims against the defendants with prejudice.

II

ANALYSIS

A.   Standard of Review

3

We review a Rule 12(b)(6) dismissal de novo.[3]  We must accept all well-pleaded facts as true, and we view them in the light most favorable to the plaintiff.[4]  We may not look beyond the pleadings.[5]  A dismissal will not be affirmed if the allegations support relief on any possible theory.[6]

B.    The Negligence Claim

The Texas Tort Claims Act provides a negligence cause of action for damages against state governmental entities.  The Act requires a claimant to provide a governmental unit with formal, written notice of a claim against it within six months of the incident giving rise to the claim.[7]  The formal notice requirement does not apply, however, if the governmental unit has actual notice of the claim.[8]  The Texas Supreme Court defines "actual notice" as knowledge of (1) the injury, (2) the governmental unit's alleged fault producing or contributing to the injury, and (3) the identities of the parties involved.[9]

---

[3]  Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994), cert. denied, 115 S.Ct. 189, 130 L.Ed.2d 122; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

[4]  Id.

[5]  Id.

[6]  Id.

[7]  Cathey v. Booth, 900 S.W.2d 339, 340 (Tex. 1995).

[8]  Id.

[9]  Id.

4

Turning to the pleadings, Oden asserts a negligence claim against the County predicated on the County's furnishing him plastic sandals for use during his cleaning of the shower stalls. Oden did not provide the County with formal written notice of his claim until he served it with his petition on August 3, 1995, nearly two years after the incident. Oden nevertheless insists that, as the County was aware of Oden's injuries, it had actual notice of the claim. Oden's complaint does not allege, however, that the County was ever aware of its alleged fault in causing Oden's slip on the shower room floor. Thus, Oden failed to plead facts sufficient to show either formal or actual notice as required by the Texas Tort Claims Act.

## C.   The § 1983 Claim

To determine whether the individual defendants are entitled to qualified immunity, we first must analyze whether Oden has asserted a violation of a constitutional right at all.[10] The allegations of misconduct, taken alone, do not even begin to approach the level of "deliberate indifference," required to establish a constitutional violation. When we review all the instances, chronicled by Oden in his complaint, in which the nurse and the detention center staff attended to Oden and granted his requests for medical attention, we are inclined to commend the defendants for their patience and attentiveness on Oden's behalf rather than conclude that Oden's

---

[10] Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

5

complaint states a cause of action under § 1983 upon which relief could be granted — which it absolutely does not.

AFFIRMED.