**Charles A. EIDSON, Plaintiff,**

v.

**Bernard F. ARENAS, Jr., and Stanley L. Mautte Living Trust, and Nick Ficarotta, Defendants.**

**No. 93–1337–Civ–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 10, 1993.

Charles A. Eidson, pro se.

Nick Ficarrotta, Law Office of Nick Ficarrotta, Tampa, FL, for defendants.

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's Motion for a Judgment of Default, and on Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction over the subject matter, and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

### I. MOTION FOR DEFAULT JUDGMENT

■ This Court has wide discretion in determining whether a judgment of default should be entered when a defendant fails to timely answer. *Henry v. Metro. Life Ins. Co.*, 3 F.R.D. 142 (D.C.Va.1972). A court may exercise that discretion in favor of seeking disposal of a claim on the merits of the complaint, as opposed to a procedural issue. *Kocenko v. Buskirk*, 56 F.R.D. 14 (D.C.Pa. 1972); *Dr. Ing. h.c.f. Porsche AG v. Zim*, 481 F.Supp. 1247 (N.D.Tex.1979).

■ Plaintiff has moved for a judgment of default as to all Defendants for failure to timely answer the Complaint filed on August 11, 1993. The record demonstrates that Defendants filed a motion on September 7, 1993 for a 20–day extension of time to answer, and filed their Motion to Dismiss under Fed. R.Civ.P. 12, on September 27, 1993. Defendants' Rule 12 Motion tolled Defendants' time to file an answer until issuance of an Order by this Court. Plaintiff's Motion for a Judgment of Default as to Defendants is denied.

### II. STANDARD OF REVIEW FOR DEFENDANTS' MOTIONS

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss the allegations set forth in the complaint, the court views the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ The pleadings of a *pro se* litigant are to be held to less stringent standards than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a *pro se* litigant must still meet minimal pleading standards. *Olsen v. Lane*, 832 F.Supp. 1525 (M.D.Fla.1993). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Gersten v. Rundle*, 833 F.Supp. 906 (S.D.Fla.1993) (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974)).

■ "A pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..." Fed. R.Civ.P. 8(a)(1). In order to bring an action under 42 U.S.C. section 1983, a plaintiff must allege that at all times material to the complaint, defendants acted under color of state law, and that defendant's actions violated plaintiff's constitutionally or federally guaranteed rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

### II. BACKGROUND

Plaintiff's Complaint alleges that Defendants wrongfully evicted Plaintiff from a two-story concrete building on West Kennedy Boulevard in Tampa, Florida. The Complaint names as Defendants Nick Ficarotta, Bernard Arenas, Jr. and the Stanley L. Mautte Living Trust. Plaintiff identifies Mr. Nick Ficarotta as attorney for Defendant Bernard F. Arenas, Jr., and as the "alleged" attorney for the Stanley L. Mautte Living Trust.

According to the Complaint, Plaintiff leased a building which now houses the operation of the national and international headquarters of The Church of The Avenger. Plaintiff alleges that in July, 1992, he met with the agent of the Defendant, Mr. Richard Benton, and entered into negotiations for rental of said facility, and finally, in Septem-

ber, 1992, a lease. Mr. Benton is not a named Defendant. A document entitled "Lease Agreement," dated September 16, 1992, is attached to the Complaint, identifying Charles Eidson as "Lessee," and Richard Benton as "Lessor" on behalf of B.F. Arenas. This document is marked with the purported signature of the "Lessor," is unsigned by Plaintiff or "Lessee," and liberally modified by handwritten notes. It is neither notarized nor witnessed.

Plaintiff alleges that the following acts by Defendants were conspiratorial: 1) Notice by Defendant Ficarotta on January 25, 1993 in reference to the eviction; 2) return of a rental check by Mr. Arenas to Plaintiff on February 15, 1993, without any explanation; 3) a summons for civil action (on a party not identified in the Complaint) served on March 29, 1993 (to which the Church of The Avenger replied on April 26, 1993); 4) Notice to Produce by Defendant Ficarotta received by a party not identified in the Complaint on April 26, 1993; Notice of Hearing set for April 29, 1993 in the County Court of Hillsborough County, Florida, by Defendant Ficarotta.

According to the Complaint, the Church of the Avenger responded with a Notice to Produce and requested an enlargement of time on April 29, 1993. Subsequent to the hearing, an eviction date was set on May 18, 1993. Apparently Defendant Ficarotta accepted and cashed a $600.00 check on May 19, 1993. Plaintiff alleges this acceptance was fraudulent because Defendant intended to pursue the first eviction notice.

Plaintiff removed the case to Federal Court on July 20, 1993. Nominally the Complaint is brought under 42 U.S.C. sections 1983 and 1988. Plaintiff claims that the Defendants were acting under "color of law" of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the County of Hillsborough/City of Tampa, Florida.

Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, as well as on pendant jurisdiction. All parties are described as residents of Hillsborough County, Florida.

Plaintiff alleges conspiracy by Defendants in violation of Plaintiff's rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution and requests monetary damages. Plaintiff claims that the conduct described deprived Plaintiff of liberty and property without due process of law. In addition, Plaintiff claims a violation of his Constitutionally protected right of privacy in violation of the First, Fourth, Fifth and Fourteenth Amendments. Defendants' conduct also deprived the Plaintiff of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution and the Florida Constitution. The Complaint also includes counts in tort for battery, false imprisonment and false arrest, negligence, and malicious prosecution and persecution.

## IV. LACK OF JURISDICTION OVER THE SUBJECT MATTER

■ There is no meritorious indication in Plaintiff's factual allegations that Defendants are state actors, or that they acted under color of state law, with the marginal possibility of the institution of state court eviction proceedings by Defendants. Plaintiff makes no allegation of abuse by Defendants of state judicial process, nor does he question the constitutionality of Hillsborough County's eviction proceedings. Neither does Plaintiff offer any causal connection between his injuries and the eviction procedure.

■ If a state merely allows private litigants to use its court, there is no "state action" within the meaning of section 1983 unless there is some corruption of judicial power by the private litigant. *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir.1992); *Cate v. Oldham,* 707 F.2d 1176 (11th Cir. 1983); *Hollis v. Itawamba County Loans,* 657 F.2d 746 (5th Cir.1981) (absent abuse of procedure, or indication of improper motive, no state action is attributable to persons who avail themselves of presumably constitutional state enactments); *Fallis v. Dunbar,* 386 F.Supp. 1117 (W.D.Ohio), *aff.* 532 F.2d 1061 (6th Cir.1974). In fact, the requirement for a section 1983 action that an action have been taken under color of state law is a "test which can rarely be satisfied when action is

taken by one not a state official." *Oller v. Bank of America,* 342 F.Supp. 21 (N.D.Cal. 1972).

Plaintiff's allegations are conclusory, and lack even the minimum particularized facts to demonstrate a constitutional deprivation and sustain a cause of action. *Cohen v. Illinois Inst. of Tech.,* 581 F.2d 658 (7th Cir.1978). The pleading fails to assert any intentional involvement of a state actor, or of these defendants in conjunction with a state actor. Plaintiff brings allegations of discrimination against numerous parties not named in the pleading as plaintiffs or parties, and Plaintiff complains of the actions of persons and entities other than the Defendants, including "armed thugs unknown, ... city officials ... state and local media." These actions were presumably perpetrated not upon the Plaintiff, but upon a non-party, The Church of the Avenger. As such, these allegations are wholly devoid of legal or procedural foundation.

As the Defendants have responded and this Court affirms, Defendants are not liable under section 1983 because they are private actors who have not acted under "color of state law." Plaintiff has failed to establish this indispensable element of a section 1983 action. In the absence of diversity, this Court entirely lacks jurisdiction over the subject matter of the Complaint.

## V. FAILURE TO STATE A CLAIM

 Plaintiff's Complaint presents conclusory allegations, and fails to establish any nexus between Defendants' institution of eviction proceedings and Plaintiff's injuries. Count One alleges "unreasonable demands" by Defendants without further amplification. Counts Two through Four allege deprivation of Plaintiff's liberty and property, of *Defendants'* right to privacy and Plaintiff's right of free speech. All three counts contain the same conclusory allegation that Defendants acted under color of state law, which element, as discussed above, Plaintiff has not substantiated. Count Six elaborates the damage Plaintiff presumably has suffered. Counts Six through Nine allege the common law torts of battery, false imprisonment and

false arrest, negligence and malicious prosecution and persecution.

By virtue of Plaintiff's failure to demonstrate any causal connection between Defendants' conduct and the injuries Plaintiff details, Plaintiff's pleading must be dismissed for failure to state a claim as to all counts.

## VI. PENDANT JURISDICTION

 Lacking both diversity or a federal question claim between the parties, this Court may not assert pendant jurisdiction over Plaintiff's related state common law claims in tort. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Manchester v. Lewis,* 507 F.2d 289 (6th Cir.1974).

**ORDERED** that Plaintiff's Motion for Judgment of Default be **denied;** and further **ORDERED,** that Defendants' Motion to Dismiss be **granted** as to all counts of Plaintiff's Complaint for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. The Court grants leave to file an amended Complaint within 20 days of the date of this Order.

**DONE and ORDERED.**