**Richard D. COHEN, Plaintiff,**

v.

**WORLD OMNI FINANCIAL CORP., Defendant.**

**Case No. 06–80070–CIV.**

United States District Court, S.D. Florida.

Oct. 20, 2010.

**1290**

Richard D. Cohen, Boca Raton, FL, pro se.

Robert Iddings Chaskes, Ryan Roman, Akerman Senterfitt, Miami, FL, for Defendant.

## ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT AND DENYING PARTIAL SUMMARY JUDGMENT FOR PLAINTIFF

KENNETH L. RYSKAMP, District Judge.

THIS CAUSE comes before the Court pursuant to Defendant World Omni Financial Corp.'s Motions for Summary Judgment, filed July 2, 2010 **[DE 129]** and August 10, 2010 **[DE 163]**. This cause is also before the Court on Plaintiff Richard Cohen's ("Cohen") Motion for Partial Summary Judgment, filed July 3, 2010 **[DE 133]**. The Court held a hearing on these motions on September 16, 2010. These motions are ripe for adjudication.

### I. BACKGROUND

On May 13, 1995, Cohen leased a car from a New York-based franchised Land Rover dealer. The lessor's interest in the lease was then assigned to World Omni, a private corporation.

At the inception of the lease, Cohen paid New York sales tax in the amount of 8½ percent for the entire 36–month term of the lease. In June 1996, Cohen moved to Florida and took the leased vehicle with him. Beginning in or about June 1996, World Omni collected the Florida use tax, at a rate of 6 percent, from Cohen on the remaining periodic monthly lease payments. World Omni relied on Section 212.06, Florida Statutes, in collecting the Florida use tax.

Cohen paid the Florida use tax from June 1996 to September 1997. In October 1997, Cohen states that he noticed the "double billing of sales tax" and claims that he "erroneously paid duplicate sales tax for the fifteen (15) month period commencing July, 1996 and continuing through and including September, 1997...." Cohen then took a purported "set-off" for the amount of Florida sales tax he already paid. Cohen remitted a check to World Omni in the amount of $68.15 along with a letter dated October 6, 1997 purportedly explaining the basis for his set-off. Cohen refused to make any further tax payments. Cohen deducted from his lease payment to World Omni a "set-off" equal to the amount of Florida use tax he had paid.

In February of 1998, the vehicle sustained rear-end collision damage. A few weeks later it had a complete mechanical breakdown and was towed to the dealer. World Omni demanded that Cohen have the vehicle repaired. Cohen did not authorize any repairs. In February of 1998, World Omni declared the lease in default based upon plaintiff's failure to make lease payments and his failure to make or authorize repairs to the vehicle. World Omni repossessed the car based on Plaintiff's failure to rave it repaired or sign an authorization for same, make timely monthly payments and to pay the Florida tax. World Omni sold the repossessed car at auction.

On January 4, 2000, World Omni sued Cohen in Palm Beach County Court to recover damages, including the unpaid Florida use tax, the deficiency, the remaining monthly lease payments, and various incidental charges as provided in the lease.

On February 8, 2000, Cohen raised several defenses in that action, including a "constitutional defense," which claimed that "the collection of the Florida use tax without credit for sales tax previously paid to another state on the same value or activity violates the dormant Commerce Clause of the United States Constitution."

World Omni received summary judgment on the issue of liability based on Cohen's nonpayment. After a jury trial on the issue of damages, Cohen was ordered to pay a money judgment.

Cohen appealed the judgment to the Circuit Court, Appellate Division, again raising his Commerce Clause defense. The judgment was affirmed without a written opinion. Cohen petitioned for writ of certiorari to the District Court of Appeals, Fourth District, again raising his Commerce Clause defense. The Fourth District denied certiorari without a written opinion. Cohen then petitioned the United States Supreme Court for a writ of certiorari. The United States Supreme Court denied Cohen's petition without written opinion. In 2005, Cohen paid the money judgment and all associated attorneys' fees.

Cohen requested a refund from the Florida Department of Revenue on August 10, 2005. Cohen received the refund in 2006.

Cohen then filed a 42 U.S.C. § 1983 complaint in this Court, alleging that World Omni violated his rights under the Commerce Clause. Cohen alleges in the First Amended Complaint that

in June, 1996, Cohen moved to Florida taking the leased car with him, whereupon Defendant WORLD OMNI sought to collect Florida use tax (at the then prevailing rate of 6%) from Cohen on the remaining periodic monthly lease payments, refusing to give him tax credit for the New York sales tax previously paid on those same lease payments. Defendant WORLD OMNI thus sought to impose a cumulative tax burden upon Cohen of 14½% (8½% New York tax plus 6% Florida tax) as compared to the purely intrastate Florida lessee who pays but a single 6% tax.

Am. Compl. at ¶ 11.

World Omni moves for summary judgment on several grounds, including statute of limitations, failure to establish that collection of the tax occurred under color of state law, and failure to establish that he was denied a constitutionally protected right or privilege. Cohen has moved for partial summary judgment.

## II. *LEGAL STANDARD*

Federal Rule of Civil Procedure 56(c) requires entry of summary judgment when the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment should be granted when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party must go beyond the pleadings and present affirmative evidence showing that there is a genuine issue of material fact for trial. *Id.* at 252, 106 S.Ct. 2505. It is not sufficient for the non-moving party to show a mere "scintilla" of evidence, or evidence that is merely colorable or not significantly probative, in support of its position. *Id.* Ad-

ditionally, conclusory allegations and conjecture are not sufficient to overcome a motion for summary judgment. *See Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir.1996).

## III. *DISCUSSION*

### A. World Omni's Motion for Summary Judgment on Statute of Limitations

The statute of limitations for plaintiff's claim under 42 U.S.C. § 1983 is four years. *See Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir.2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."); *Witchel v. Palm Beach County Sheriff's Dep't,* Case No. 08–80189–CIV, 2008 WL 1848359, at *2 (S.D.Fla. Apr. 22, 2008). Plaintiff's claim accrued when he knew or should have known (i) that he suffered the injury set forth in his complaint, and (ii) who inflicted the injury. *Chappell,* 340 F.3d at 1283. Given that Cohen filed his complaint on January 20, 2006, this action is time-barred if it accrued prior to January 20, 2002, and if the limitations period was not tolled.

#### 1. Accrual of Injury

■ The injury complained of by Cohen is the alleged "double taxation" that purportedly occurred when Cohen brought his vehicle from New York to Florida and was first assessed Florida's sales and use tax. Cohen specifically alleges in his First Amended Complaint that the refusal to credit the taxes paid to the State of New York against the taxes owed to the State of Florida violated the dormant commerce clause. Again, as noted, Cohen further alleges that

> in June, 1996, Cohen moved to Florida taking the leased car with him, whereupon Defendant WORLD OMNI sought to collect Florida use tax (at the then prevailing rate of 6%) from Cohen on the remaining periodic monthly lease payments, refusing to give him tax credit for the New York sales tax previously paid on those same lease payments. Defendant WORLD OMNI thus sought to impose a cumulative tax burden upon Cohen of 14 ½% (8 ½% New York tax plus 6% Florida tax) as compared to the purely intrastate Florida lessee who pays but a single 6% tax.

Am. Compl. at ¶ 11. Cohen has been aware of his alleged injury since at least June 1996. In his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Cohen admits that "Cohen's original nonpayment of the Florida tax was but the first boulder in an avalanche of liquidated damages and attorney fee awards that ensued."

■ "In Florida, the cause of action accrues immediately upon the first injury caused by another's wrongful act, even though related injuries may later manifest themselves." *Workman v. R.J. Reynolds Tobacco Co.,* Case No. 08–80029–CIV, 2008 WL 2219803, at *1 (S.D.Fla. May 28, 2008) (citing *City of Miami v. Brooks,* 70 So.2d 306, 308 (Fla.1954) ("[W]here an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once.... [T]he running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.")).

Cohen cannot deny his knowledge of who inflicted the alleged injury because he has been involved in litigation with World Omni since January 4, 2000 over nonpayment of his lease. Cohen specifically alleged on February 8, 2000 that the purported double taxation formed the basis for a counterclaim against World Omni for breach of contract. Moreover, Cohen admits in his Memorandum of Law in Opposition to Defendant's Motion for Summary

Judgment that "[c]onstitutional injury ... arose when World Omni resorted to state judicial process to collect the tax." Accordingly, even under Cohen's timeline, his claim accrued when World Omni filed suit on January 4, 2000.

## 2. Tolling Does Not Apply

█ Tolling of a limitations period is governed by state law. *See Witchel*, 2008 WL 1848359, at *2. Fl. Stat. § 95.051 sets forth eight situations sufficient to toll a limitations period, none of which are applicable here. *Id.* at subsection (1). Furthermore, the statute specifically provides that "[n]o disability or other reason shall toll the running of any statute of limitations...." *Id.* at subsection (2). Therefore, given the absence of an applicable tolling provision, plaintiff's claim under 42 U.S.C. § 1983 is time-barred.

In *Berry v. Keller*, 157 Fed.Appx. 227 (11th Cir.2005), the Eleventh Circuit rejected a tolling argument in a claim under 42 U.S.C. § 1983 where the plaintiff had been previously litigating in state court. *Id.* at 230. The Eleventh Circuit concluded that the plaintiff "was not entitled to any tolling for that time he spent pursuing relief in state court because nothing in state or federal law required him to exhaust his claims there before pursuing this action." *Id.* Accordingly, the four-year limitations period in this action was not tolled during the state court litigation.

Cohen states that he first raised the constitutional defense on May 26, 2000 in his opposition to World Omni's motion for summary judgment in the state court action. This dispute is immaterial: even if the constitutional defense was raised on May 26, 2000, the 42 U.S.C. § 1983 claim is time barred.

Cohen's claim that, "due to the violation's stealthy character," the cause of action was not apparent to him, is incredible. *See* Opposition at 3. Yet Cohen admits that he raised the "constitutional defense" on May 26, 2000, more than five years before he brought this action, well outside the four-year limitations period.

Cohen seeks to avoid the effect of the statute of limitations by claiming that no damages occurred until "after World Omni resorted to state judicial process to collect the Florida tax," *see* Opposition at 2. Cohen relies on *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), for the proposition that "[u]nder the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Id.* at 391, 127 S.Ct. 1091 (internal quotation omitted). Under *Wallace*, however, the alleged wrongful act resulted in damages in October of 1997, when Cohen made the unilateral decision to take a set-off. Plaintiff's resort to self-help does not stall the running of the limitations period.

Finally, Plaintiff's reliance on *Memphis Community School District v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), is misplaced. *Stachura* does not address the accrual date of a claim. Rather, *Stachura* addresses the measure of damages in an action under 42 U.S.C. § 1983 and, in so doing, holds that "the abstract value of a constitutional right may not form the basis for § 1983 damages." *Stachura*, 477 U.S. at 308, 106 S.Ct. 2537.[1] Cohen's claim involves alleged damages in

---

1. Even if only nominal damages are available, the statute of limitations would still begin to run. *See Norwest Bank Minn. Nat'l Assoc. v. Fed. Deposit Ins. Corp.*, 312 F.3d 447, 451–52 (D.C.Cir.2002) ("[I]t has long been settled that statutes of limitations begin running when the wrong has been committed, even if at the time no more than nominal damages may be proved, and no more recovered ...." (internal quotation omitted)).

the form of the Florida sales and use tax. That Cohen took a set-off establishes that he suffered an alleged injury for which he believed he could be compensated. Thus, this case involves a quantifiable tax assessment and does not involve an abstract value attached to a constitutional right.

Cohen confuses the presence of a continuing violation, which tolls the statute of limitations, with that of a continuing injury, which does not. *See Lovett v. Ray,* 327 F.3d 1181, 1183 (11th Cir.2003) (" 'The critical distinction in the continuing violation analysis ... is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does.' " (quoting *Knight v. Columbus, Ga.,* 19 F.3d 579, 580–81 (11th Cir.1994) (alterations in original))). *See also Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 249 (5th Cir.1980) ("[W]here the employer engaged in a discrete act of discrimination [outside the limitations period], allegations that the discriminatory act continues to adversely affect the employee or that the employer presently refuses to rectify its past violation will not satisfy the [statute of limitations].").[2]

Cohen alleges that the state court action culminating in the judgment in World Omni's favor, along with various appeals related to that judgment, constitute additional injury suffered by plaintiff. According to *Gonzalez,* such additional injury does not toll the running of the statute of limitations. This Court already has ruled that World Omni's participation in the state court action does not form the basis of a claim under 42 U.S.C. § 1983.[3] The pendency of the state court action accordingly cannot form the basis of a continuing violation.

Similarly, in *Wallace,* the Supreme Court states that "[t]he cause of action accrues *even though the full extent of the injury is not then known or predictable.*" 549 U.S. at 391, 127 S.Ct. 1091 (emphasis added; internal quotation omitted). While Cohen alleges that he continued to suffer injury within the four-year period prior to filing this action, he cannot establish the presence of a continuing violation. The alleged constitutional deprivation, the collection of the Florida sales and use tax, is not a continuing violation. Even if the tax could undergird a 42 U.S.C. § 1983 claim, the tax was no longer assessed against Cohen once the vehicle was repossessed and sold, which occurred prior to the January 2000 initiation of the state court action.

Cohen also argues that his claim did not accrue until after he had exhausted his state court remedies. Cohen cites to the Court's Order Retaining Jurisdiction, claiming that the Court "already ruled" that the exhaustion of remedies in state court was required. The Order Retaining Jurisdiction merely noted, however, that Cohen had "not received adjudication of his Commerce Clause issue from a court in

---

**2.** *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

**3.** In the Order Denying Motion to Dismiss Amended Complaint, the Court states as follows:

Cohen also argues in his Amended Complaint that World Omni's maintaining the state court action constituted state action "under the color of law." The initiation of

a civil action, in and of itself, is not sufficient to establish state action. *See Eidson v. Arenas,* 837 F.Supp. 1158, 1161 (M.D.Fla. 1993) (party does not act under color of state law merely by resorting to the courts and prevailing in the action absent "some corruption of judicial power by the private litigant").

(citations omitted). *See* Order Denying Motion to Dismiss Amended Complaint dated October 5, 2009 [D.E. 78] at 5–6.

the State of Florida," and that the Court had jurisdiction over this matter. Cohen requested a refund from the Florida Department of Revenue on August 10, 2005, long after the four-year limitations period had run. His attempt to resort to a state administrative remedy eight years after World Omni sold the vehicle at auction does not retroactively save this time barred action.[4]

Cohen argues that his claim is not time barred because of the Court's prior ruling that this action is not barred by the doctrine of res judicata. To the contrary, the Order on Remand held that res judicata did not bar this action because "the state courts did not reach a final decision on the Commerce Clause issue." *Id.* at 6.

Plaintiff's "final reason" why his claim is not barred by the statute of limitations is that the Florida Department of Revenue issued him a refund, which he applied for on August 10, 2005. Any position of the Department of Revenue regarding the accrual date of Plaintiff's entitlement to a refund is irrelevant to the Court's determination as to whether this action is time barred.

## B. World Omni's Motion for Summary Judgment on Lack of State Action

To state a cause of action under 42 U.S.C. § 1983, two essential elements must be present: the person engaged in the allegedly objectionable conduct must do so while acting under the color of state law, and the alleged conduct must deprive a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *See Schwier v. Cox,*

340 F.3d 1284, 1290 (11th Cir.2003); *Duke v. Massey,* 87 F.3d 1226, 1231 (11th Cir. 1996).

> The first element is satisfied where (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]" ("nexus/joint action test").

*Rayburn v. Hogue,* 241 F.3d 1341, 1347 (11th Cir.2001) (citing *NBC, Inc. v. Communications Workers of America,* 860 F.2d 1022, 1026–27 (11th Cir.1988)).

"The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1277 (11th Cir.2003)(quoting *Willis v. Univ. Health Servs., Inc.,* 993 F.2d 837, 840 (11th Cir.1993)). The record contains no evidence that the Department of Revenue coerced or at least significantly encouraged World Omni to collect the Sales and Use Tax. World Omni simply collected the Sales and Use Tax because it was required to do so by law. World Omni's Sales Use and Property Tax Manager and Senior Tax Manager during the relevant time period, Chris Slader ("Slader"), testified that pursuant to Fl. Stat.

---

**4.** The implausibility of plaintiff's argument is further emphasized by the litany of "potentially viable dates" that Cohen posits as to when his claim might have accrued. For example, Cohen alleges that the claim might have accrued on August 2, 2004, because that is when the state intermediate appellate court affirmed the trial court's judgment in favor of World Omni. According to plaintiff's Opposition, "[i]f the Florida appellate court had reversed the Florida trial court's judgment ... Cohen would not have suffered any damages and thus no § 1983 cause of action would have lay." Opposition at 4. This game of "what if" highlights why a claim accrues the moment a plaintiff first suffers damages.

§ 212.06(8)(a)(1996), World Omni was legally required to charge Cohen the Florida tax and to remit same to the Department of Revenue even though Cohen paid the New York tax. Slader also testified that there was no coercion by either the Department of Revenue, through its Technical Assistance Advisements ("TAAs") or the State of Florida to collect the tax from Cohen. Buzz McKown ("McKown"), a Revenue Program Administrator for the Department of Revenue who has worked for the Department of Revenue for 38 years, testified similarly. McKown confirmed that the Florida Legislature, not World Omni, sets the policy behind the Florida tax and that dealers were therefore required to collect the tax. Additionally, the TAA in question issued in May of 1998, nearly two years after World Omni began collecting the tax.

Rather then present facts to satisfy the state compulsion test, Cohen argues that World Omni has admitted State compulsion, or is estopped from denying state compulsion, because (I) World Omni previously argued that it was required to collect the tax at issue and (II) World Omni now argues that the Florida Department of Revenue is an indispensable party in light of Cohen's constitutional challenge to § 212.06.

World Omni was obligated to follow the law, as are all citizens, and did so by collecting the tax. As noted, Cohen's claim that the act of collecting the tax converts World Omni into a state actor is untenable. Such would mean that every business that collects a tax, including a simple sales tax pursuant to state law, is a state actor. Citing legal authority to support its law-abiding actions does not estop World Omni from arguing that it was not acting under the color of state law in collecting the tax at issue. Indeed, in light of the Court's prior ruling, World Omni's arguments in this regard are entirely consistent.

With respect to the public function test, Cohen offers no factual support for his conclusory allegations that World Omni was performing a governmental function in collecting the Florida tax. This Court held in its Order denying the motions to dismiss the Amended Complaint that World Omni merely collected the taxes imposed by the State of Florida and that such delegation does not make World Omni a state actor. *See Hadges v. Yonkers Racing Corp.,* 918 F.2d 1079, 1082 (2d Cir.1990) (no state action where race track collected tax on raceway admissions on behalf of the state); *O'Hanlon v. City of Chester,* Nos. CIV.A. 00–0664, CIV.A. 00–5617, 2002 WL 393122, at *4–*7 (E.D.Pa.2002) (attorney who collected real estate taxes was not state actor for purposes of section 1983).

The Court noted in its Order denying the motion to dismiss the Amended Complaint that the Amended Complaint contains no allegations that World Omni and the Department of Revenue are acting in concert to collect the tax in question. In addition, Cohen fails to produce any evidence establishing that World Omni and Cohen acted in concert to collect the tax. The testimony of Slader and McKown confirm that World Omni collected the tax solely in response to the decision of the Florida legislature to enact FL. Stat. § 212.06(8)(a)(1996).

Again, the Amended Complaint did not allege that World Omni's conduct constituted an "official policy" or "custom." *See Monell v. Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2038–39, 56 L.Ed.2d 611 (1978) (municipal corporations not liable under section 1983 unless a constitutional tort results from official policy or custom). *See also Buckner v. Toro,* 116 F.3d 450, 453 (11th Cir.1997) (extending *Monell* to private companies performing

traditional public functions). Even if Cohen had adequately so alleged in his Amended Complaint, he has presented no record evidence of same.

## C. World Omni's Motion for Summary Judgment on Lack of Constitutional Injury

■ The second element for a cause of action under 42 U.S.C. § 1983 is that the alleged conduct deprive a person of a right, privilege or immunity guaranteed under the Constitution of the United States. If, as Cohen now asserts, a "[c]onstitutional injury only arose when World Omni resorted to state judicial process," then there is no evidence to support a finding that World Omni deprived Cohen of any constitutional right or privilege. World Omni declared a default of the lease for both monetary and non-monetary reasons. Because there are ample non-constitutional bases for World Omni's initiating the prior state court action against him, Cohen cannot show that World Omni's collection of the Florida use tax deprived him of any right, privilege, or immunity guaranteed under the Constitution. Moreover, the Court previously held in the October 5, 2009 Order, 2009 WL 3241986, that "[t]he initiation of a civil action, in and of itself, is not sufficient to establish state action." October 5, 2009 Order at 8–9 (citing *Eidson v. Arenas*, 837 F.Supp. 1158, 1161 (M.D.Fla.1993)). Therefore, Cohen's claim ignores a necessary element for establishing a violation of 42 U.S.C. § 1983 and fails as a matter of law.

## D. Cohen's Motion for Partial Summary Judgment

The Court has reviewed Cohen's Motion for Partial Summary Judgment and finds that the motion is without merit. Cohen addresses the substance of his Commerce Clause theory, but it is not necessary for the Court to reach this issue because Cohen has not satisfied the state action re-

quirement. The Court has already explained that the judicial estoppel doctrine does not preclude World Omni from arguing that it collected the tax pursuant to an act of the Florida Legislature. Nor is the Florida statute "inherently coercive;" World Omni merely followed the law that was in effect at the time, as do all law-abiding citizens.

## IV. CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that World Omni's Motion for Summary Judgment, filed July 2, 2010 **[DE 129]** and August 10, 2010 **[DE 163]**, are GRANTED. It is further

ORDERED AND ADJUDGED that Cohen's Motion for Partial Summary Judgment, filed July 3, 2010 **[DE 133]**, is DENIED. Final judgment shall issue by separate order.